No. 1-06-1277

FIRST DIVISION
Filed: 6-29-07

BLUESTAR ENERGY SERVICES, INC.,    )    Appeal from the

    )    Circuit Court of

    Plaintiff-Appellant,    )    Cook County.

    )

    v.    )

    )

ILLINOIS COMMERCE COMMISSION,    )

    )    No. 05 CH 13448

    Defendant-Appellee)    )

    )

    )

    )

(Ameren Corporation,    )    Honorable

    )    William O. Maki,

    Defendant and Intervenor-Appellee).    )    Judge Presiding.

JUSTICE ROBERT E. GORDON delivered the opinion of the court:

The issue presented in this case is whether the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2004)) requires the Illinois Commerce Commission (ICC) to disclose material provided to it by Ameren Corporation (Ameren) pertaining to a settlement agreement disclosed in confidence to the ICC, or whether such information is exempt from disclosure by section 7 of the FOIA (5 ILCS 140/7 (West 2004)).

BACKGROUND

Ameren Corporation (Ameren) acquired Illinois Power Company (Illinois Power)[1] in a transaction approved by the Illinois Commerce Commission (ICC), in 2004. Ameren is the parent corporation of several subsidiaries that provide utility service to Illinois residents.

_____

[1] Illinois Power Company has been doing business as AmerenIP since its acquisition by Ameren.

Before Ameren's acquisition of Illinois Power could be completed, the ICC's approval was required. Ameren's proposed acquisition of Illinois Power became the subject of an ICC acquisition proceeding. During the course of the acquisition proceeding, the Coalition of Retail Energy Suppliers (Coalition), an organization comprised of unregulated affiliates of utilities, intervened and objected to Ameren's acquisition, citing concerns relating to barriers to the development of a competitive retail electricity market in the Ameren utilities' service territories.

At some point during the course of the acquisition proceeding, Ameren and the Coalition entered into a settlement agreement, resulting in the Coalition's withdrawal of its objections to Ameren's acquisition of Illinois Power. Near the close of the acquisition proceeding, staff, the ICC's investigatory body, sought copies of the settlement agreement through discovery requests, but Ameren resisted and the agreement was not filed in the acquisition proceeding. The ICC approved Ameren's acquisition of Illinois Power on November 12, 2004.

BlueStar, an alternative retail electric supplier, who was not a party to the acquisition proceeding, initiated a separate proceeding before the ICC, by filing a complaint against Ameren and Ameren's Illinois public utility affiliates, including Illinois Power, seeking to review the terms of the settlement agreement between Ameren and the Coalition. Ameren and its affiliates filed a motion to dismiss based on BlueStar's failure to state a viable claim. In response to this joint motion, Staff noted that BlueStar's complaint did not cite any provision of the Public Utilities Act (Act), (220 ILCS 5/1-101 et seq. (West 2004)) ICC's rules, or any other authority that would entitle BlueStar to obtain the agreement. Staff also sought a copy of the agreement from Ameren at the same time, citing its authority under sections 5-101, 7-101 and 7-105 of the Act (220 ILCS 5/5-101, 220 ILCS 5/7-101, 7-105 (West 2004)). Ameren produced the

agreement to staff, upon their representation that the agreement would remain confidential pursuant to section 5/5-108 of the Act (220 ILCS 5/5-108 and the ICC's rules. Carmen Fosco, a staff attorney, filed a letter in the proceeding initiated by BlueStar that stated that the agreement would be designated as confidential. On July 13, 2005, BlueStar's complaint was dismissed based on BlueStar's failure to state a viable claim.

On July 18, 2005, BlueStar sent a FOIA request to the ICC, requesting "all documents referenced in the attached letter of April 15, 2005, by Carmen Fosco, Staff Attorney, produced by Ameren Corporation (or any affiliate thereof) to Staff." ICC denied BlueStar's FOIA request on July 27, 2005, pursuant to FOIA section 7(1)(g) stating "you have requested trade secrets and commercial or financial information obtained from a person or business where the trade secrets or information are proprietary, privileged or confidential, or where disclosure of the trade secrets or information may cause competitive harm." BlueStar appealed to the chairman of the ICC, who upheld the denial but granted BlueStar the right to seek judicial review pursuant to section 11 of the FOIA. The ICC also stated:

> "[T]he records were submitted to Commission staff by an entity that faces competition and there is the possibility of harm to a competitive position. The ability of Commission staff to obtain information would be impaired if all information received by staff were to become public. See Section 5-108 which makes disclosure of certain information a Class A misdemeanor and Section 4-404 of the Public Utilities Act, which requires the Commission to 'provide adequate protection for confidential and proprietary information furnished, delivered or filed by any person, corporation or other entity *** .'"

On August 11, 2005, BlueStar filed a complaint against the ICC in the circuit court of Cook County, claiming that the ICC violated the FOIA by withholding the agreement between Ameren and the Coalition from public disclosure. Ameren intervened on September 8, 2005. BlueStar's original complaint was dismissed without prejudice; BlueStar then filed an amended complaint on October 4, 2005. In its answer to the amended complaint, the ICC claimed that the requested documents were properly withheld from production pursuant to the disclosure exemptions set forth in sections 7(1)(a), (g), and (y) of the FOIA (5 ILCS 140/7(1)(a),(1)(g), (1)(y) (West 2004)).

On November 2, 2005, the defendants filed a joint motion to stay discovery and for summary judgment. In support of the motion for summary judgment, the defendants submitted affidavits of staff attorney, Carmen Fosco; managing associate general counsel for Ameren, Edward Fitzhenry; and Harold Stoller, the director of the ICC's Energy Division. BlueStar moved the trial court to order the ICC to produce an index of the withheld documents, to which the ICC agreed. The ICC provided an index that included a description of the content of each document and the exemption claimed for each. The trial court granted the motion to stay discovery noting, "[T]here is potential if discovery is conducted that confidential information may be divulged in violation of the act. In other words, you have public officials here that would actually be subject *** to criminal sanctions *** ." The trial court also set a date for argument on defendants' joint motion for summary judgment.

Following oral argument, the circuit court ordered defendants to produce the Ameren-Coalition agreement for an *in camera* inspection. After inspection of the documents, the trial court granted defendants' motion for summary judgment, finding that the Ameren-Coalition

agreement was properly exempt from disclosure pursuant to section 7(1)(g) of the FOIA (5 ILCS 140/7(1)(g) (West 2004)), which exempts public records containing "[t]rade secrets and commercial or financial information obtained from a person or business where the trade secrets or information are proprietary, privileged or confidential, or where disclosure of the trade secrets or information may cause competitive harm." The trial court found against defendants' assertion that the documents were exempt from the FOIA under subsections (1)(a) and (1)(y) of section 7.

BlueStar appeals from the trial court's granting of summary judgment to defendants. We affirm.

ANALYSIS

We must determine whether the trial court properly granted summary judgment to defendants because the requested information was exempt from disclosure.

"Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Summary judgment should only be granted if the movant's right to judgment is clear and free from doubt. *Outboard Marine Corp.*, 154 Ill. 2d at 102. Furthermore, summary judgment should only be granted when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Delaney Electric Co. v. Schiessle*, 235 Ill. App. 3d 258, 263 (1992). "In making this determination the pleadings, depositions, admissions, exhibits, and affidavits are to be construed strictly against the movant and liberally in favor of the opponent." *Schiessle*, 235 Ill. App. 3d at 263. "In addition, the court must draw all reasonable inferences from the record in favor of the

nonmoving party." *Schiessle*, 235 Ill. App. 3d at 264. However, although the court may draw inferences from undisputed facts, summary judgment should be denied where reasonable persons can "draw divergent inferences from undisputed facts." *Outboard Marine Corp.*, 154 Ill. 2d at 102. We conduct a *de novo* review on appeals from summary judgment rulings. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384 (1993).

As noted, BlueStar made a FOIA request upon the ICC for disclosure of the settlement agreement made between Ameren and the Coalition during the ICC's acquisition proceeding.

The purpose of the FOIA is to open governmental records to the light of public scrutiny. *Baudin v. City of Crystal Lake*, 192 Ill. App. 3d 530, 534-35 (1989). The FOIA provides, in pertinent part:

> "Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that all persons are entitled to full and complete information regarding the affairs of government and the official acts and policies of those who represent them as public officials and public employees consistent with the terms of this Act. Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." 5 ILCS 104/1 (West 2004).

"There is a presumption [under the FOIA] that public records be open and accessible." *Cooper v. Department of the Lottery*, 266 Ill. App. 3d 1007, 1011 (1994), citing *Carbondale Convention Center, Inc. v. City of Carbondale*, 245 Ill. App. 3d 474, 476 (1993), citing *Bowie v.*

*Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989). Section 7 of the FOIA provides an extensive list of exemptions to disclosure that are to be narrowly construed. *Cooper*, 266 Ill. App. 3d at 1012. When a public body receives a proper FOIA request, it must comply with that request unless one of the narrow statutory exemptions set forth in section 7 of the FOIA applies. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463 (2003), citing *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407-08 (1997); 5 ILCS 140/3, 7 (West 2000).

" 'If the public body seeks to invoke one of the exemptions in section 7 as grounds for refusing disclosure, it is required to give written notice specifying the particular exemption claimed to authorize the denial.' " *Illinois Education Ass'n*, 204 Ill. 2d at 464, quoting *Lieber*, 176 Ill. 2d at 408; 5 ILCS 140/9(b) (West 2000). Thereafter, the party seeking disclosure of information under FOIA can challenge the public body's denial in the circuit court. *Cooper*, 266 Ill. App. 3d at 1012. The burden of proof at the trial level is on the agency to establish that the documents in question are exempt from disclosure. *Cooper*, 266 Ill. App. 3d at 1012, citing *Wayne County Press, Inc. v. Georgia Isle*, 263 Ill. App. 3d 511 (1994), citing *Baudin*, 192 Ill. App. 3d at 535. " 'To meet this burden and to assist the court in making its determination, the agency must provide a *detailed* justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' " *(Emphasis in original.)* *Illinois Education Ass'n,* 204 Ill. 2d at 464, quoting *Baudin*, 192 Ill. App. 3d at 537. Section 11(f) of the FOIA also requires the trial court to conduct whatever *in camera* inspection of the requested records it finds appropriate to determine whether the records or any part of them may be withheld under the Act. *Baudin*, 192 Ill. App. 3d at 535.

In the case at bar, the trial court conducted an *in camera* inspection of the information sought by BlueStar and determined that the information was exempt from disclosure under section 7(1)(g) of the FOIA because the subject documents contain "trade secrets and commercial or financial information." We agree.

The FOIA exempts " ' [t]rade secrets and commercial or financial information obtained from a person or business where such trade secrets or information are proprietary, privileged or confidential.' " *Roulette v. Department of Central Management Services*, 141 Ill. App. 3d 394, 399 (1986), quoting Ill. Rev. Stat., 1984 Supp., ch. 116, par. 207(g). "The Illinois legislature intended that the term trade secret would be construed broadly. The bill's authors included the trade secret exemption because they did not wish to discourage private parties from doing business with the State." *Roulette*, 141 Ill. App. 3d at 399-400. The term *trade secret* in the context of the FOIA has been interpreted to include information that (1) would either inflict substantial competitive harm or (2) make it more difficult for the agency to induce people to submit similar information in the future. *Roulette*, 141 Ill. App. 3d at 400, citing *General Electric Co. v. United States Nuclear Regulatory Comm'n*, 750 F.2d 1394, 1398 (7th Cir. 1984).

Although the settlement agreement between Ameren and the Coalition does not contain trade secrets in the conventional sense, it is confidential information received by a government agency from an entity that the agency regulates. As noted, Ameren resisted the ICC's attempts to discover the settlement agreement in the context of the acquisition proceeding. After Ameren's acquisition of Illinois Power was approved by the ICC, staff sought the settlement agreement in the context of the proceeding initiated by BlueStar. Ameren willingly disclosed the settlement agreement to the ICC only after it agreed to treat the disclosures as confidential.

8

Disclosure of the information after the ICC's representation that the documents would not be disclosed would discourage Ameren and other similarly situated organizations from providing the ICC with similar information in the future. Since disclosure would have a chilling effect upon the ICC's ability to receive similar information in the future, the Ameren-Coalition settlement agreement should be exempt from disclosure.

Furthermore, it is undisputed that had the agreement not been disclosed to the ICC, BlueStar would have had no claim to the agreement. It is also undisputed that the ICC needs to be able to procure the type of information that is at issue in this case to sufficiently regulate the public utility industry in Illinois. See 220 ILCS 5/5-101 *et seq.* (West 2004) (giving the ICC authority to review records relating to regulated public utility operations). We have already noted that disclosure of the type of information sought here would have a chilling effect on the ICC's ability to receive similar information in the future. FOIA should not be used to subvert the ICC's ability to regulate the public utilities sector, by deterring public utilities from candidly disclosing information pertinent to the ICC's regulatory function.

We next address BlueStar's argument that the trial court erred by staying discovery pending the resolution of defendants' joint motion for summary judgment. "A trial court is vested with broad discretion in ruling on discovery matters, and the exercise of such discretion will not be interfered with on appeal unless there has been a manifest abuse of such discretion." *Hanes v. Orr & Associates*, 53 Ill. App. 3d 72, 74 (1977).

We conclude that the trial court did not abuse its discretion by staying discovery pending resolution of defendants' joint motion for summary judgment. We are guided by the following principle in drawing this conclusion: "The legislature patterned the Illinois law after the Federal

Freedom of Information Act [citation] and case law construing the Federal statute should be used in Illinois to interpret our own FOIA." *Cooper*, 266 Ill. App. 3d at 1012, citing *Roulette*, 141 Ill. App. 3d at 400, citing 83d Ill. Gen. Assem. House Proceedings, May 25, 1983, at 184.

As noted, "in order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA." *Carney v. United State Dept. of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). "Affidavits or declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption are sufficient to sustain the agency's burden." *Carney*, 19 F.3d at 812. "Affidavits submitted by an agency are 'accorded a presumption of good faith *** .' " *Carney*, 19 F.3d at 812. "[A]ccordingly, discovery relating to the agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Carney*, 19 F.3d at 812. When this is the case, the trial court may "forgo discovery and award summary judgment on the basis of affidavits." *Carney*, 19 F.3d at 812.

In order to justify discovery once the agency has satisfied its burden, the requestor must make a showing of bad faith on the part of the agency sufficient to impugn the agency's affidavits or declarations, or provide some tangible evidence that an exemption claimed by the agency should not apply or summary judgment is otherwise improper. *Carney*, 19 F.3d at 812.

Here, the trial court determined that the affidavits and the index provided by the ICC to BlueStar in the trial court proceeding were insufficient. The trial court then ordered an *in camera* inspection of the contested material. The court's denial of discovery was not an abuse of

10

discretion. FOIA cases should be handled on motions for summary judgment, once the documents at issue are properly identified. *Miscavige v. Internal Revenue Service*, 2 F.3d 366, 369 (11th Cir. 1993). The trial court properly stayed discovery and conducted its own *in camera* inspection of the documents to determine if the material fell within the exemptions claimed by the ICC and found that they did.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County. We find that the settlement agreement sought by BlueStar falls within an exemption to FOIA because the ICC agreed not to disclose the settlement agreement and the disclosure of the agreement would significantly impair the ICC's ability to deal with entities similarly situated to Ameren in the future. We also find that the trial court did not abuse its discretion by staying discovery pending the resolution of defendants' joint motion for summary judgment.

Affirmed.

McBRIDE, P.J. and GARCIA, J., concur.