ARNOLD DAY, Plaintiff-Appellant, v. THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—08—1164

Opinion filed February 9, 2009.

Jon Loevy, Russell Ainsworth, Gayle Horn, and Tara Thompson, all of Loevy & Loevy, of Chicago, for appellant.

Mara S. Georges, Corporation Counsel, of Chicago (Benna Ruth Solomon, Myriam Zreczny Kasper, and Kerrie Maloney Laytin, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE WOLFSON delivered the opinion of the court:

In 1994, the plaintiff Arnold Day was convicted of the 1991 murder

of Gerrod Irving and is currently serving a 60-year prison sentence. Plaintiff maintains he was wrongfully convicted, alleging the only evidence linking him to Irving's murder is a confession plaintiff gave to Chicago police department detectives Kenneth Boudreau and William Foley after he was physically tortured.

On May 3, 2007, plaintiff submitted a Freedom of Information Act (FOIA) (5 ILCS 140/1 (West 2006)) request to the Chicago Police Department, seeking:

> "any and all documents prepared in connection with RD No. P223384, including but not limited to: police reports, arrest reports, rap sheets, 'street files' also known as office unit working files, general progress notes, contact analysis reports, investigative files, major crime worksheets, inventory slips, plats, maps or diagrams, evidence technician reports, and lab reports."

On May 24, 2007, the Chicago police department (CPD) responded by refusing to produce any of the documents, with the exception of heavily redacted copies of plaintiff's arrest report and the "General Offense Case Report." Among the items redacted from the General Offense Case Report are: the complete narrative portion of the document; any information regarding the investigation of Irving's murder; Irving's home phone number; portions of Irving's home address; and portions of the address where Irving's murder occurred. The CPD explained portions of the General Offense Case Report were redacted under sections 7(1)(b) and (1)(c) of the FOIA (5 ILCS 140/7(1)(b), (1)(c) (West 2006)) because the "criminal investigation is ongoing." The CPD explained the remaining documents were exempt from disclosure under sections 7(1)(b), (1)(c), (1)(d), and (1)(f) of the FOIA. See 5 ILCS 140/7(1) *et seq.* (West 2006).

Following denial of his administrative appeal to the CPD, plaintiff filed a complaint in the circuit court against the City and the CPD superintendent under the FOIA. The City responded to plaintiff's complaint by filing a section 2—619(a)(9) (735 ILCS 5/2—619(a)(9) (West 2006)) motion to dismiss. In the memorandum in support of its motion, the City contended: (1) it offered to produce all nonexempt documents to plaintiff; (2) the documents it withheld were exempt from production under section 7(1)(c) because there was an ongoing criminal investigation "as to certain aspects of the investigation other than Mr. Day's arrest and conviction"; (3) the withheld documents were exempt from production under section 7(1)(b)(v) because they contained information "revealing the identity of persons who provided information" to the CPD; and (4) the withheld documents were exempt from production under section (1)(d) and (1)(f) because "opinions and recommendations are expressed and actions are formulated by the

CPD personnel and/or the state's attorney working on the investigation." Affidavits from three CPD employees were attached in support of the memorandum.

Following a hearing, which consisted only of arguments by counsel, the trial court held "defendant has provided a detailed explanation for their exemptions under the FOIA Act, specifically that this is an ongoing investigation and that personal privacy concerns are raised," and that the records plaintiff sought "fall within the exemptions that have been argued and outlined in this presentation." Despite plaintiff's request, the trial court did not conduct an *in camera* review of the redacted and withheld documents. The trial court denied plaintiff's motion to reconsider. We reverse the order dismissing plaintiff's complaint and remand with instructions.

DECISION

Section 2—619(a)(9) of the Illinois Code of Civil Procedure permits involuntary dismissal where the claim asserted against the defendant "is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2—619(a)(9) (West 2006); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367, 799 N.E.2d 273 (2003). A reviewing court must interpret all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Van Meter*, 207 Ill. 2d at 368. Our review of a section 2—619 dismissal is *de novo*. *Van Meter*, 207 Ill. 2d at 368.

Plaintiff contends the trial court erred in finding the requested documents fell within the FOIA exemptions argued and listed by the City in its motion to dismiss. Specifically, plaintiff contends the City failed to satisfy its burden to show the requested documents were actually exempt from disclosure under section 7 of the FOIA. Each of the claimed exemptions will be addressed. We note the documents at issue were created at Area 2, a police department headquarters subject to past and present investigations of illegal methods of interrogation.

The FOIA's purpose is to open governmental records to the light of public scrutiny. *BlueStar Energy Services, Inc. v. Illinois Commerce Comm'n*, 374 Ill. App. 3d 990, 994, 871 N.E.2d 880 (2007). Public records are presumed to be open and accessible. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 407, 680 N.E.2d 374 (1997). Although the FOIA outlines several exemptions to disclosure, those exemptions are read narrowly. *Lieber*, 176 Ill. 2d at 407. "Thus, when a public body receives a proper request for information, it must comply with that request unless one of the narrow statutory exemptions set forth in section 7 of the Act applies." *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463, 791 N.E.2d 522 (2003); *Lieber*, 176 Ill. 2d at 407-08.

■ If a public body seeks to invoke one of the section 7 exemptions as grounds for refusing disclosure, " 'it is required to give written notice specifying the particular exemption claimed to authorize the denial.' " *Illinois Education Ass'n*, 204 Ill. 2d at 464, quoting *Lieber*, 176 Ill. 2d at 408. If the party seeking disclosure challenges the public body's denial in circuit court, the public body has "the burden of proving that the records in question fall within the exemption it has claimed." *Illinois Education Ass'n*, 204 Ill. 2d at 464. " 'To meet this burden and to assist the court in making its determination, the agency must provide a *detailed* justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' " (Emphasis in original.) *Illinois Education Ass'n*, 204 Ill. 2d at 464, quoting *Baudin v. City of Crystal Lake*, 192 Ill. App. 3d 530, 537, 548 N.E.2d 1110 (1989).

Under section 11(f) of the FOIA, the circuit court "shall conduct such in camera examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act." 5 ILCS 140/11(f) (West 2006); *Illinois Education Ass'n*, 204 Ill. 2d at 469. Our supreme court has interpreted this section to mean "the circuit court need not conduct *in camera* review where the public body meets its burden of showing that the statutory exemption applies by means of affidavits." *Illinois Education Ass'n*, 204 Ill. 2d at 469. Affidavits will not suffice, however, "if the public body's claims are conclusory, merely recite statutory standards, or are too vague or sweeping." *Illinois Education Ass'n*, 204 Ill. 2d at 469.

## I. Ongoing Criminal Investigation Exemption

The City contends the documents at issue were exempt under section 7(1)(c)(i) and (1)(c)(viii) of the FOIA because disclosure would obstruct an ongoing criminal investigation into Irving's murder. The plaintiff counters the City did not adequately show the purported criminal investigation was actually "ongoing."

■ Section 7(1)(c)(i) exempts records where disclosure would "interfere with pending or actually *** contemplated law enforcement proceedings conducted by any law enforcement or correctional agency." 5 ILCS 140/7(1)(c)(i) (West 2006). Section 7(1)(c)(viii) exempts records where disclosure would "obstruct an ongoing criminal investigation." 5 ILCS 140/7(1)(c)(viii) (West 2006).

In *Illinois Education Ass'n*, the issue presented was whether material the Illinois State Board of Education (Board) provided to the Illinois Attorney General was protected from disclosure under the attorney-client exemption to the FOIA. The supreme court held the af-

fidavits submitted in support of the exemption were merely conclusory and inadequate to sustain the Board's burden of proof. *Illinois Education Ass'n*, 204 Ill. 2d at 469.

The supreme court held that in meeting its burden to demonstrate an exemption is applicable, a public body may not:

"simply treat the words 'attorney-client privilege' or 'legal advice' as some talisman, the mere utterance of which magically casts a spell of secrecy over the documents at issue. Rather, the public body can meet its burden only by providing some *objective* indicia that the exemption is applicable under the circumstances." (Emphasis in original.) *Illinois Education Ass'n*, 204 Ill. 2d at 470.

Given the inadequacy of the Board's affidavits and the circuit court's failure to conduct an *in camera* review of the documents, the supreme court was compelled to conclude the circuit court had an insufficient basis to grant summary judgment for the Board. *Illinois Education Ass'n*, 204 Ill. 2d at 469-70.

■ The three affidavits submitted by the City in this case were entirely conclusory and inadequate to sustain the City's burden to show the requested documents and the redacted portions of the general case and arrest reports were exempt because disclosure would "obstruct an ongoing criminal investigation." Nothing in any of the affidavits tells us when the documents at issue were created or when the last entry was made.

Matthew Sandoval, the freedom of information officer in the records inquiry and customer service section of the CPD, swore he:

"conducted a search to determine whether the documents requested by [plaintiff's counsel] related to an ongoing investigation. I did this by reviewing the file associated with RD No. P—223384. I determined from reviewing the files associated with RD No. P—223384 that the investigation is still ongoing, as to certain aspects of the investigation other than Mr. Day's arrest and conviction."

James McCarthy, an attorney in the office of legal affairs of the CPD, swore:

"On September 7, 2007, I wrote a letter on behalf of CPD Interim Superintendent Dana V. Starks, denying Mr. Day's corrected appeal of both the redacted information in the General Case Report and the Arrest Report, and the remaining documents in their entirety, for the same reasons stated in CPD's previous correspondence, and based on the following FOIA exemptions: 58 ILCS 140/7(1)(c)(viii), 5 ILCS 140/7(1)(b)(v), 5 ILCS 140/7(1)(d), and 5 ILCS 140/7(1)(f)."

Chicago police lieutenant James Gibson, commanding officer of the detective division support section, swore:

"I have reviewed various CPD records associated with RD No.

P—223384, which involved a homicide. I have determined that although the case has resulted in the arrest and conviction of Arnold Day, there is still an ongoing criminal investigation because the case has not been cleared."

Lieutenant Gibson said the documents the CPD either redacted or withheld in their entirety contained: "information identifying witnesses including their names, addresses, and social security numbers; descriptions of the suspects; descriptions of the evidence; and information on the progress of the investigation." Lieutenant Gibson said the release of the information could:

"very well interfere with the criminal investigation, which is ongoing. Suspects in this crime could become aware of the status of the investigation, the degree of knowledge that police have as to their involvement, and the type of evidence that exists which could incriminate them."

Lieutenant Gibson said adequately redacting the withheld documents is not possible because there is no way to "completely ensure that any disseminated information would not be harmful, because seemingly innocuous information may prove valuable to an at-large perpetrator in discerning the nature of the ongoing police investigation."

Here, as did the Board in *Illinois Education Ass'n*, the City attempts to use the term "ongoing criminal investigation" in its affidavits as some sort of magic talisman, the invocation of which "casts a spell of secrecy over the documents at issue." See *Illinois Education Ass'n*, 204 Ill. 2d at 470. Nothing in McCarthy's, Sandoval's, or Lieutenant Gibson's affidavit adequately explains why the investigation of Irving's murder of more than 17 years ago is considered "ongoing." Plaintiff was convicted of the murder 14 years ago.

The three affiants also fail to explain how disclosure of any of the documents at issue would specifically obstruct the remaining investigation of Irving's murder. It is impossible to tell from the affidavits whether the investigation into aspects of the crime "other than Mr. Day's arrest and conviction" is actually "pending," as required by section 7(1)(c)(i). See 5 ILCS 140/7(1)(c)(i) (West 2006).

Although Lieutenant Gibson said "seemingly innocuous information may prove valuable to an at-large perpetrator in discerning the nature of the ongoing police investigation," he never suggested in his affidavit that a specific living "at-large perpetrator" is currently under active investigation. Simply saying there is an "ongoing criminal investigation because the case has not been cleared," with little additional explanation, is not "objective indicia" sufficient to show the ongoing investigation exemption applies. See *Illinois Education Ass'n*, 204 Ill. 2d at 470.

The sweeping generalities found in McCarthy's, Sandoval's, and Lieutenant Gibson's affidavits are not the type of "detailed justifications" that lend themselves to "adequate adversary testing" necessary to support the claimed ongoing-investigation exemption. See *Illinois Education Ass'n*, 204 Ill. 2d at 464. We do not see the "detailed explanation" found by the trial court.

## II. Personal Privacy Exception

Plaintiff next contends the trial court erred in granting the City's motion to dismiss based on the personal privacy exemption. See 5 ILCS 140/7(1)(b)(v) (West 2006).

■ Section 7(1)(b)(v) of the FOIA exempts from inspection and copying:

> "Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy ***. *** Information exempted under this subsection (b) shall include but is not limited to:
>> (v) information revealing the identity of persons who file complaints with or provide information to administrative, investigative, law enforcement or penal agencies." 5 ILCS 140/7(1)(b)(v) (West 2006).

■ The City's affidavits alleged disclosure of the requested documents would reveal complainants' and witnesses' personal information and therefore were exempt. Specifically, the affiant Lieutenant James Gibson swore:

> "The release of [the requested information] would *** constitute an invasion of privacy of the witnesses involved. These documents contain the name, address and descriptive information including social security number of each person who has come forward to police regarding this crime. In my professional experience in conducting and supervising criminal investigations, one of the most difficult dimensions of an investigation is garnering and maintaining the support and cooperation of witnesses. Absolute confidentiality and privacy are necessary when working with witnesses or potential witnesses, due to a fear of reprisal. This level of trust is extremely difficult to achieve and maintain for investigation. This trust could be compromised with the undue release of their identity and personal information."

Lieutenant Gibson continued:

> "There is no way to adequately redact these documents in such a manner as to guarantee the absolute privacy and safety of potential witnesses. There is no way to completely ensure that any disseminated information would not be harmful, because seemingly innocuous information may prove valuable to an at-large perpetrator in discerning the nature of the ongoing police investigation."

Plaintiff contends the City waived application of the personal privacy exemption because the requested documents were produced during his criminal trial without any expectation of privacy.

If the public body can prove a requested documents falls within the exemption included in section 7(1)(b)(v), "the document shall be *per se* exempt from inspection and copying and 'no further inquiry by the court is necessary.' " *Chicago Alliance for Neighborhood Safety v. City of Chicago*, 348 Ill. App. 3d 188, 199, 808 N.E.2d 56 (2004), quoting *Lieber*, 176 Ill. 2d at 408. However, " 'voluntary disclosure in one situation can preclude later claims that records are exempt from release to someone else.' " *Chicago Alliance for Neighborhood Safety*, 348 Ill. App. 3d at 202, quoting *Lieber*, 176 Ill. 2d at 413.

In *Chicago Alliance for Neighborhood Safety*, the court recognized waiver "must not be mechanically applied whenever there is disclosure of information but, rather, requires consideration of the circumstances related to the disclosure, including the purpose and extent of disclosure as well as the confidentiality surrounding the disclosure." *Chicago Alliance for Neighborhood Safety*, 348 Ill. App. 3d at 202. Because disclosure was made for consultation purposes and to a single entity which treated the names and addresses as confidential, the court held disclosure "did not waive the section 7(1)(b)(v) *per se* exemption." *Chicago Alliance for Neighborhood Safety*, 348 Ill. App. 3d at 203. Here, no similar expectation of confidentiality would exist if the City had produced the requested documents during discovery in the plaintiff's criminal trial.

While the record is not clear on exactly what discovery the plaintiff received at the time of his criminal case, experience tells us we would not be wrong to assume unexpurgated copies of the case and arrest reports were produced.

Although at least some of the documents were disclosed by the City, through the office of the State's Attorney, in the course of discovery in plaintiff's criminal trial, we do not know the contents or circumstances of that disclosure. See *Lieber*, 176 Ill. 2d at 413. Therefore, we cannot consider "the circumstances related to the disclosure, including the purpose and extent of the disclosure as well as the confidentiality surrounding the disclosure." *Chicago Alliance for Neighborhood Safety*, 348 Ill. App. 3d at 202. Any determination regarding whether waiver of the exemption applies would be premature at this point. On remand, we assume the plaintiff will have the opportunity to develop his argument should that become necessary, and the City will be able to respond.

III. Deliberative Process Exemption

Plaintiff contends the trial court erred in granting the City's mo-

tion to dismiss based on the "deliberative process" exemption. See 5 ILCS 140/7(1)(f) (West 2006).

■ Section 7(1)(f) of the FOIA exempts from inspection and copying:

> "Preliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated, except that a specific record or relevant portion of a record shall not be exempt when the record is publicly cited and identified by the head of the public body." 5 ILCS 140/7(1)(f) (West 2006).

■ Our court has determined this exemption is the equivalent of the federal "deliberative process" exemption, which applies to "predecisional materials used by a public body in its deliberative process." *Harwood v. McDonough*, 344 Ill. App. 3d 242, 247, 799 N.E.2d 859 (2003).

In its memorandum in support of its motion to dismiss, the City contended "office unit or working files, general progress notes, contact analysis reports, investigative files and major crime worksheets" were exempt from the FOIA request "because within each of these, opinions and recommendations are expressed and actions are formulated by the [Chicago Police Department] personnel and/or the state's attorney working on the investigation." However, none of the affidavits demonstrates which, if any, of the requested documents includes opinions or formulated policies or actions. We are not persuaded by the City's generalized argument in its brief that "office unit or working files, general progress notes, contact analysis reports, investigative files and major crime worksheets" necessarily contain analysis and opinions. Assuming any of the documents do include opinions or formulated policies or actions, the excludable portions can be redacted. The documents need not be withheld in their entirety.

The cases cited by the City, *Dorsett v. United States Department of Treasury*, 307 F. Supp. 2d 28 (D.C. Cir. 2004), *Jackson v. United States Attorneys Office*, 293 F. Supp. 2d 34 (D.C. Cir. 2003), and *Jimenez v. Federal Bureau of Investigation*, 938 F. Supp. 21 (D.C. Cir. 1996), do not apply here. In *Dorsett*, the documents at issue were exempt because they contained federal Secret Service opinions and evaluations regarding the level of threat posed by specified individuals. *Dorsett*, 307 F. Supp. 2d at 37-38. In *Jackson*, the document at issue was exempt as work-product and deliberative process material because it contained the Assistant United State's Attorney's investigative notes which detailed the theory of the case and litigation strategy. *Jackson*, 293 F. Supp. 2d at 40-41. In *Jimenez*, the information requested was exempt because it contained communications between the United State's At-

torney's office and federal and state agencies in their assessment of whether to bring charges against the defendant. *Jimenez*, 938 F. Supp. at 28-29.

For the reasons we have set out above, we conclude the trial court erred in granting the City's motion to dismiss. Our examination of the three affidavits does not elicit a single fact that would support an exemption under the Act.

These affidavits are one-size-fits-all, generic and conclusory. We do not see how the trial court could determine the merit of the City's motion to dismiss without examining the documents sought by the plaintiff.

The trial court could not know when the documents were prepared, by whom they were prepared, or why they were prepared. It would have to accept the "ongoing investigation" label without any factual support, ignoring the fact that the plaintiff was convicted in 1994 and the murder he was charged with committing occurred in 1991. That is rubber stamp judicature. We decline to take part in it.

The City is asking us, as it did the trial court, to take the affiants' word for it. For us to do so would be an abdication of our responsibility.

CONCLUSION

We reverse the trial court's order granting the motion to dismiss. We remand this cause to the trial court for an *in camera* inspection of the documents, which should be sealed for, and made part of, the record. In *Illinois Education Ass'n*, the supreme court said: "[W]e believe that *in camera* review by the circuit court is the most effective way for the public body to objectively demonstrate that the exemption claimed does, in fact, apply." *Illinois Education Ass'n*, 204 Ill. 2d at 471. We instruct the trial court to examine each document to determine what portions, if any, are exempt under the claimed exemptions and to make appropriate findings. The trial court's findings are to be part of the record. After examining the documents, the trial court may enter any order it believes is appropriate.

Reversed and remanded.

R. GORDON, P.J., and GARCIA, J., concur.