# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Shehadeh v. Madigan*, 2013 IL App (4th) 120742

---

| | |
|---|---|
| Appellate Court Caption | JAMAL SHEHADEH, Plaintiff-Appellant, v. LISA MADIGAN, Illinois Attorney General, Defendant-Appellee. |
| District & No. | Fourth District<br>Docket No. 4-12-0742 |
| Filed | October 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Summary judgment was properly entered for the Attorney General in plaintiff's action challenging the Attorney General's claim that complying with plaintiff's request under the Freedom of Information Act for copies of publications or other records that could provide guidance in complying with Freedom of Information Act laws would be unduly burdensome, since a request that is overly broad and requires the location and inspection of a vast quantity of material largely unnecessary to the requestor's purpose is an undue burden, the Act did not require the Attorney General's office to prove the adequacy of its search, plaintiff's refusal to narrow his request did not bar the Attorney General from continuing to assert the unduly burdensome exemption, and the statute itself is the primary source of guidance on the issue of compliance with the Act. |
| Decision Under Review | Appeal from the Circuit Court of Sangamon County, No. 12-MR-248, the Hon. John Schmidt, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Jamal Shehadeh, of Taylorville, appellant *pro se*.

Lisa Madigan, Attorney General, of Chicago (Michael A. Scodro, Solicitor General, and Laura M. Wunder, Assistant Attorney General, of counsel), for appellee.

Panel

JUSTICE HOLDER WHITE delivered the judgment of the court, with opinion.

Presiding Justice Steigmann and Justice Harris concurred in the judgment and opinion.

**OPINION**

¶ 1    In March 2012, plaintiff, Jamal Shehadeh, filed a complaint pursuant to the Illinois Freedom of Information Act (FOIA) (5 ILCS 140/1 to 11.5 (West 2012)), alleging the Attorney General was improperly withholding records. The previous month, plaintiff had requested from the Attorney General "copies of any publications, opinions, reports or other records that would or could be used for guidance by [the Attorney General's] office or any other public body in complying with Illinois' FOIA laws." The Attorney General responded that complying with plaintiff's request would be unduly burdensome under section 3(g) of FOIA. 5 ILCS 140/3(g) (West 2012). Following an August 2012 hearing, the circuit court granted the Attorney General's motion for summary judgment, dismissing plaintiff's complaint.

¶ 2    Plaintiff appeals, arguing the circuit court erred by granting summary judgment because (1) the Attorney General did not prove its search for records was adequate, (2) FOIA did not obligate plaintiff to narrow the scope of his search, and (3) the Attorney General failed to show the production of plaintiff's requested records would unduly burden its operations.

¶ 3    We affirm.

¶ 4                                    I. BACKGROUND

¶ 5    On February 11, 2012, plaintiff sent a letter to the Attorney General's office, requesting records pursuant to FOIA. Specifically, plaintiff sought "copies of any publications, opinions, reports or other records that would or could be used for guidance by [the Attorney General's] office or any other public body in complying with Illinois' FOIA laws." A file stamp indicates the Attorney General's office received plaintiff's letter on February 16, 2012. On February 24, 2012, a FOIA officer at the Attorney General's office sent plaintiff a response, stating the office had determined producing copies of all records that would or could be used

as guidance would be unduly burdensome under section 3(g) of FOIA (5 ILCS 140/3(g) (West 2012)). According to the officer, a search of the Attorney General's records retrieved over 9,200 potentially responsive files and complying with plaintiff's request would be unduly burdensome because staff would have to go through each file by hand to determine which records were responsive and then review and redact information from those responsive records to protect against the release of exempt information. The officer requested plaintiff narrow the scope of his request "to bring it within manageable proportions pursuant to section 3(g) of the FOIA." Specifically, the officer asked plaintiff to provide "information regarding those FOIA issues or the particular exemptions for which [plaintiff sought] guidance."

¶ 6        On February 27, 2012, plaintiff responded to the FOIA officer's letter by mail, stating that, pursuant to section 3(d) of FOIA, the Attorney General's office could not assert the unduly burdensome exemption or request that plaintiff narrow his search because the office received plaintiff's letter on February 16, 2012, nine days before the office sent its response. Plaintiff stated that "[e]ven excluding weekends and holidays," the office failed to "comply with the five day requirement." Plaintiff further asserted he did not believe his request was too broad, but rather, that the office was "attempting to circumvent [its] obligations under the FOIA." Plaintiff asked that the Attorney General provide him copies of his February 11, 2012, and February 27, 2012, letters as well as the records he had requested.

¶ 7        Before the FOIA officer responded to plaintiff, on February 28, 2012, plaintiff sent a letter to the Attorney General's Public Access Counselor (Counselor), requesting the Counselor review the FOIA officer's actions. In his letter, plaintiff again asserted the FOIA officer failed to respond to his request within five days and thus could not assert the unduly burdensome exemption.

¶ 8        On March 8, 2012, the FOIA officer responded to plaintiff, explaining the Attorney General's office had responded to plaintiff's request within the requisite five-day time frame. With respect to the records plaintiff requested, the officer reiterated the statements in her February 24, 2012, letter that plaintiff's request was overly broad and unduly burdensome. The officer again asked plaintiff to narrow his request, suggesting plaintiff provide information regarding the specific FOIA issues or exemptions for which he sought guidance. Per plaintiff's request, the officer provided copies of plaintiff's February 11, 2012, and February 27, 2012, letters.

¶ 9        On March 9, 2012, the Counselor responded to plaintiff's February 28, 2012, letter. The Counselor determined the FOIA officer responded within five business days after receiving plaintiff's letter. Further, the Counselor found the Attorney General's office's assertion that compliance with plaintiff's FOIA request would be unduly burdensome was proper in light of the officer's assertions that over 9,200 potentially responsive files existed. The Counselor noted that the office complied with section 3(g) of the FOIA by offering plaintiff an opportunity to narrow his request, but plaintiff declined to do so. Accordingly, the Counselor determined no further inquiry was necessary.

¶ 10       On March 15, 2012, plaintiff filed a FOIA complaint in the circuit court of Sangamon County, alleging the Attorney General was "improperly withholding records from the

Plaintiff in violation of t[he] FOIA." Plaintiff again pointed out section 3(d) of the FOIA (5 ILCS 140/3(d) (West 2012)) required public bodies to respond to FOIA requests within five business days.

¶ 11 In May 2012, the Attorney General filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1005 (West 2012)), asserting the office had (1) complied with FOIA and (2) responded to plaintiff's request within the statutory time frame. In the alternative, the Attorney General argued plaintiff's complaint should be dismissed because plaintiff failed to comply with section 2-606 of the Civil Code (735 ILCS 5/2-606 (West 2012)) when plaintiff failed to attach the FOIA-related correspondence to his complaint.

¶ 12 Later that month, plaintiff filed a response, asserting summary judgment was inappropriate because the Attorney General's office had not proved it properly conducted its search and that the production of records would be unduly burdensome. Plaintiff further contended (1) he had no obligation to attempt to narrow his request under section 3(g) of the FOIA prior to seeking judicial review; and (2) the Attorney General's response was not timely. Plaintiff also filed a motion for leave to file an amended complaint, attaching thereto the FOIA-related correspondence.

¶ 13 Following an August 2012 telephone hearing, the circuit court allowed plaintiff leave to file his amended complaint. Thereafter, the court granted the Attorney General's motion for summary judgment "[f]or the reasons set forth in the [Attorney General's] office's Motion for Summary Judgment," dismissing plaintiff's complaint.

¶ 14 This appeal followed.

¶ 15 II. ANALYSIS

¶ 16 On appeal, plaintiff argues the circuit court erred by granting summary judgment because (1) the Attorney General's office did not prove its search for records was adequate, (2) FOIA did not obligate plaintiff to narrow the scope of his search, and (3) the Attorney General's office failed to show the production of plaintiff's requested records would unduly burden its operations.

¶ 17 A. The Relevant Statutory Provisions

¶ 18 Before addressing plaintiff's claims, we first outline the relevant FOIA provisions.

¶ 19 Section 3(a) of FOIA provides that a public body "shall make available to any person for inspection or copying all public records," except records specifically exempted by section 7 of FOIA. 5 ILCS 140/3(a) (West 2012). However, pursuant to section 3(g), a public body may decline to comply with a FOIA request "calling for all records falling within a category" if "compliance with the request would be unduly burdensome for the complying public body and there is no way to narrow the request and the burden on the public body outweighs the public interest in the information." 5 ILCS 140/3(g) (West 2012). Before invoking the section 3(g) exemption, the public body must provide the requester "an opportunity to confer with it in an attempt to reduce the request to manageable proportions." 5 ILCS 140/3(g)

(West 2012). The public body must also specify, in writing, the reasons producing the records would be unduly burdensome and the extent to which compliance would burden the public body's operations. 5 ILCS 140/3(g) (West 2012).

¶ 20 Plaintiff pursued two avenues of review for individuals whose FOIA requests are denied. Under section 9.5 of FOIA, a person may file a request for review with the Attorney General's Public Access Counselor, who "shall determine whether further action is warranted." 5 ILCS 140/9.5(a), (c) (West 2012). The Counselor may resolve a request for review by mediation, by issuing a binding opinion, or "by a means other than the issuance of a binding opinion." 5 ILCS 140/9.5(f) (West 2012). Conversely, section 11 of FOIA allows "[a]ny person denied access to inspect or copy any public record by a public body" to file in the circuit court a "suit for injunctive or declaratory relief." 5 ILCS 140/11(a) (West 2012).

¶ 21 Having outlined the FOIA provisions governing plaintiff's contentions, we now turn to the merits of those contentions.

¶ 22 B. Whether the Circuit Court Erred by Granting Summary Judgment

¶ 23 Plaintiff argues the circuit court erroneously granted summary judgment because (1) the Attorney General's office did not prove its search for records was adequate, (2) FOIA did not obligate plaintiff to narrow the scope of his search, and (3) the Attorney General's office failed to show the production of plaintiff's requested records would unduly burden its operations.

¶ 24 Summary judgment may be granted where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2012). We review a circuit court's entry of summary judgment *de novo. Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, ¶ 15, 989 N.E.2d 591.

¶ 25 In this case, plaintiff challenges the Attorney General's claim of the unduly burdensome exemption. "A request that is overly broad and requires the public body to locate, review, redact and arrange for inspection a vast quantity of material that is largely unnecessary to the [requestor's] purpose constitutes an undue burden." *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 17, 924 N.E.2d 564, 577 (2010).

¶ 26 1. *Plaintiff's Claim That the Attorney General's Search Was Inadequate*

¶ 27 Plaintiff first argues the Attorney General's office did not prove the adequacy of its search. According to plaintiff, the Attorney General's office needed to "explain the types of files it maintains, the search terms employed, and that all files expected to contain the records requested were searched."

¶ 28 First, we note that section 3(g) of FOIA does not contain such a requirement. 5 ILCS 140/3(g) (West 2012). Moreover, we agree with the Attorney General that plaintiff's FOIA request was patently broad on its face, as it sought *any* publication or record that would or could be used by *any* public body to comply with Illinois's FOIA provisions. Accordingly,

the Attorney General's response, explaining the burden that complying with plaintiff's request would cause, was sufficient to claim a section 3(g) exemption in this case.

¶ 29　　Plaintiff cites a series of federal cases for the proposition that a public agency must prove the adequacy of its search. First, we note that federal court decisions are persuasive but not binding on state courts and "Illinois courts have repeatedly noted that the Illinois version of the FOIA is different from the federal version and is, therefore, subject to a different interpretation." *Rockford Police Benevolent & Protective Ass'n, Unit No. 6 v. Morrissey*, 398 Ill. App. 3d 145, 153, 925 N.E.2d 1205, 1212 (2010). Moreover, the cases cited by plaintiff are inapposite because they involved allegedly missing or irretrievable documents. See *SafeCard Services v. Securities & Exchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (the agency claimed certain requested documents had been mistakenly destroyed or were missing); *Miller v. United States Department of State*, 779 F.2d 1378, 1384 (8th Cir. 1985) (the plaintiff argued the agency conducted an inadequate search because that search did not uncover certain documents); *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 313-14 (D.C. Cir. 2003) (the plaintiff challenged the agency's search as inadequate because the agency did not find documents responsive to the plaintiff's request and the agency initially delayed its search). Here, the Attorney General's office has not claimed its search failed to uncover certain documents or that those documents no longer exist; rather, the Attorney General's office claimed its search revealed over 9,000 documents and thus compliance with plaintiff's FOIA request would be unduly burdensome.

¶ 30　　Plaintiff also cites *BlueStar Energy Services, Inc. v. Illinois Commerce Comm'n*, 374 Ill. App. 3d 990, 871 N.E.2d 880 (2007), for the proposition that a defendant agency has the burden of showing its search was adequate. *BlueStar* is inapposite, however, because *BlueStar* involved a claimed section 7 exemption, not a section 3(g) exemption. *BlueStar*, 374 Ill. App. 3d at 991, 871 N.E.2d at 882. We do not believe an agency claiming a section 3(g) exemption is required to show the adequacy of its search where, as here, the breadth of plaintiff's request is evident from the face of the plaintiff's request.

¶ 31　　　　2. *Plaintiff's Claim That He Was Not Required To Narrow His Request*

¶ 32　　Plaintiff also argues summary judgment was inappropriate because "[n]othing within the plain language" of section 3(g) of FOIA requires a requestor to confer with a public body to narrow the scope of the requestor's search before seeking judicial review. We agree with plaintiff that FOIA does not contain such a requirement; on the other hand, however, nothing in FOIA precluded the Attorney General from continuing to assert the unduly burdensome exemption after plaintiff refused to narrow his request.

¶ 33　　　　3. *Plaintiff's Claim That Compliance Was Not Unduly Burdensome*

¶ 34　　Finally, plaintiff argues the Attorney General failed to show the burden of complying with plaintiff's FOIA request outweighed the public interest in compliance. We disagree. First, we find unpersuasive plaintiff's assertion that the Attorney General's office needed to provide affidavits of staff members or otherwise prove its claim that producing plaintiff's requested documents would be unduly burdensome. Section 3(g) of FOIA requires only that

a public body specify in writing the reasons compliance would be unduly burdensome and the extent to which compliance would burden the operations of the public body. 5 ILCS 140/3(g) (West 2012). Here, the Attorney General's office satisfied section 3(g) by explaining its staff members would have to go through all of the 9,200 potentially responsive documents by hand to determine whether they were responsive and to review and redact exempt information from those records. Although plaintiff is correct that various Illinois decisions construing section 7 of FOIA have stated a public body must supply a detailed justification for claiming a section 7 exemption in order to allow adequate adversarial testing (see, *e.g.*, *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464, 791 N.E.2d 522, 527 (2003)), plaintiff's case involves a section 3(g) unduly burdensome exemption, and the Attorney General sufficiently explained the nature of the undue burden of complying with plaintiff's request.

¶ 35     As a corollary argument, plaintiff asserts that the review of 9,200 records would not be unduly burdensome for the Attorney General "given the substantial resources at the disposal of the [Attorney General]." We are not persuaded. Requiring the Attorney General's staff to review 9,200 records would impede the staff's ability to respond to other FOIA requests and perform its other duties in a timely fashion. Likewise, we find little merit in plaintiff's claim that the "significant interest in the means, methodology, and criteria the [Attorney General's] Public Access Bureau utilizes when issuing advisory and binding opinions" under section 9.5 of FOIA outweighs the burden of complying with plaintiff's FOIA request. As the Attorney General points out, the primary source of guidance for compliance with FOIA–the statute itself–is already readily available to the public.

¶ 36     Based on the foregoing, we conclude the circuit court properly granted the Attorney General's motion for summary judgment.

¶ 37                                         III. CONCLUSION
¶ 38     For the reasons stated, we affirm the circuit court's judgment.

¶ 39     Affirmed.