2021 IL App (1st) 200429

No. 1-20-0429

March 31,2021

FIRST DIVISION

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| TYRONE GREER, | ) | Appeal from the Circuit Court of Cook County |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | No 19 M1 100657 |
| v. | ) | |
| | ) | The Honorable |
| THE BOARD OF EDUCATION OF THE | ) | Anna Demacopoulos, |
| CITY OF CHICAGO | ) | Judge Presiding. |
| | ) | |
| Defendant-Appellee. | ) | |

JUSTICE WALKER delivered the judgment of the court, with opinion.
Justice Hyman and Justice Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1     Tyrone Greer filed a complaint under the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq*. (West 2018)) against the Board of Education of the City of Chicago (Board), seeking documents related to racial discrimination claims he made between 1999 and 2005. The circuit court granted summary judgment in favor of the Board. Greer argues on appeal that the circuit court should have entered a default judgment against the Board, and the court erred by granting the Board's motion for summary judgment. We find that the court did not abuse

its discretion when it denied Greer's motion for a default judgment, but the evidence leaves unresolved issues of material fact as to whether Greer's request is unduly burdensome. Accordingly, we affirm the circuit court's ruling against Greer's motion for default judgment, reverse the circuit court's ruling in favor of the Board's motion for summary judgment, and remand for further proceedings on the complaint.

¶ 2                                    I. BACKGROUND

¶ 3        On October 12, 2018, Greer sent to the Board a request for (1) all documents covering the years 1999 through 2005 from the Equal Employment Opportunity Commission (EEOC) "dealing with any complaint by Tyrone J. Greer for racial discrimination"; (2) any information for the same years "sent to and received from the EEOC, any judge, internal administrative department, and individuals with administrative powers concerning Tyrone J. Greer dealing with any charge of racial discrimination"; and (3) "[a]ny decision, censorship, conclusion, and warning that came from the EEOC, any administrative judge, and a legitimate court system concerning any and all complaints dealing with Tyrone J. Greer and the Chicago Public School/Chicago Board of Education."

¶ 4        Ana Diaz, the FOIA officer for the Chicago Public Schools (CPS), responded on October 30, 2018, identifying four case numbers for "potentially responsive cases." Diaz stated that CPS had two Bankers Boxes of documents for the first case, three Bankers Boxes for the second case, two Bankers Boxes for the third case, and one Bankers Box for the fourth case. She estimated that each box could hold up to 3500 sheets of paper, so the eight boxes could hold up to 28,000 pages. She claimed that CPS would need to review each page "to identify responsive records and then further review to redact information subject to FOIA exemptions

including Attorney-Client Communications." Diaz asked Greer to narrow his request. Greer repeated his request. In a letter dated November 16, 2018, the Board denied Greer's request as unduly burdensome.

¶ 5 Greer, *pro se*, filed an FOIA complaint against the Board in January 2019. Greer filed a motion for a default judgment in April 2019 because the Board had not filed an answer to his complaint. The court denied Greer's repeated requests for a default judgment. The Board moved for summary judgment, and in support of the motion, Diaz filed a statement pursuant to section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2018)). Diaz again stated that the CPS would need to review and redact up to 28,000 sheets of paper. She estimated that employees could review three pages every five minutes, and at that rate, the process would take 86 business days. Hence, the circuit court granted the motion for summary judgment. Greer now appeals.

¶ 6                                    II. ANALYSIS

¶ 7 On appeal, Greer argues that the circuit court should have granted his motion for a default judgment and should not have entered summary judgment in favor of the Board.

¶ 8 "Entry of a default is a drastic remedy that should be used only as a last resort because the law prefers that controversies be determined according to the substantive rights of the parties." *Walker v. Monreal*, 2017 IL App (3d) 150055, ¶ 28. "The overriding consideration in deciding whether to enter or vacate a default judgment is the achievement of substantial justice." *H.D., Ltd. v. Department of Revenue*, 297 Ill. App. 3d 26, 32 (1998). We will not reverse the circuit court's decision to deny a motion for default unless the circuit court abused its discretion. *Walker*, 2017 IL App (3d) 150055, ¶ 28.

¶ 9    The Board responded to the complaint, and the Board's conduct did not hamper the litigation. See *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 68-69 (1995). Hence, the circuit court did not abuse its discretion by denying the motion for default. See *H.D.*, 297 Ill. App. 3d at 32-33.

¶ 10    The circuit court entered judgment in favor of the Board on grounds that Greer filed an unduly burdensome request. A trial court should grant summary judgment only if "the pleadings, depositions, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2018).

"In determining whether a genuine issue of material fact exists, the pleadings, depositions, admissions and affidavits must be construed strictly against the movant and liberally in favor of the opponent. *** Summary judgment is a drastic means of disposing of litigation, and therefore, should be granted only when the right of the moving party is clear and free from doubt." *Adames v. Sheahan*, 233 Ill. 2d 276, 295-96 (2009).

¶ 11    The FOIA establishes that "[a]ll records in the custody or possession of a public body are presumed to be open to inspection or copying." 5 ILCS 140/1.2 (West 2018). Any public body asserting that an exemption covers a requested disclosure "has the burden of proving by clear and convincing evidence that it is exempt." 5 ILCS 140/1.2 (West 2018). "[T]he exemptions are to be read narrowly." *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 11 (2010). "[A] public body must supply a detailed justification

4

for claiming a [FOIA] exemption in order to allow adequate adversarial testing ***." *Shehadeh v. Madigan*, 2013 IL App (4th) 120742, ¶ 34.

¶ 12    When a government agency claims the FOIA request is "unduly burdensome," the agency implies that it will face a great burden identifying responsive documents. See *Sargent Shriver National Center on Poverty Law, Inc. v. Board of Education of the City of Chicago*, 2018 IL App (1st) 171846, ¶ 31; *Shehadeh*, 2013 IL App (4th) 120742, ¶ 34; *Nation Magazine, Washington Bureau v. United States Customs Service*, 71 F.3d 885, 891-92 (D.C. Cir. 1995). This case involves no such difficulty. The Board identified the four cases in which Greer raised racial discrimination claims. Diaz found the boxes that held the files for the cases. All the documents in the eight boxes apparently fit within the scope of the request. Diaz claimed that the work of redacting exempt information from the documents would take 86 days, but her assertion that employees could review only three pages every five minutes is unrealistic. The attorney-client privilege would presumably exempt from disclosure all correspondence between the Board's attorneys and the Board or CPS. See *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 470-71 (2003). A glance at the head of each document should quickly determine whether the exemption applied. Diaz does not clarify why other documents would include any private information exempt from disclosure.

¶ 13    In determining whether the FOIA request places an undue burden on a public body, the court must decide whether "the burden on the public body outweighs the public interest in the information." *Hites v. Waubonsee Community College*, 2018 IL App (2d) 170617, ¶ 55. The Board contends it has no duty to disclose the requested documents because the public has no interest in Greer's claims of racial discrimination. We disagree. "[R]acial discrimination [is] a

matter inherently of public concern." *Connick v. Myers*, 461 U.S. 138, 148 n.8 (1983). The public has a substantial interest in allegations of racial discrimination by public bodies and the Board's response to the allegations, even when the allegations pertain to a single employee. See *Eberg v. United States Department of Defense*, 193 F. Supp. 3d 95, 117 (D. Conn. 2016) (public had significant interest in allegations that a named individual public employee engaged in sexual harassment). We find that Diaz's affidavit, standing alone, does not resolve all issues of material fact and leaves room to doubt the Board's right to a judgment. See *Adames*, 233 Ill. 2d at 296.

¶ 14 Burdensome is not grounds for summary judgment. See *National Ass'n of Criminal Defense Lawyers*, 399 Ill. App. 3d at 17 (reversing a grant of summary judgment and finding several weeks of full-time work by CPD personnel who need to possess a high level of knowledge and sophistication was not sufficiently burdensome to outweigh the public interest in the plaintiff's study of wrongful convictions based on mistaken eyewitness identification). On remand, the Board may examine the boxes to identify those documents for which it will raise exemption or privilege.

¶ 15                                    III. CONCLUSION

¶ 16 The circuit court did not abuse its discretion when it denied Greer's motion for a default judgment against the Board. The affidavit the Board presented in support of its motion for summary judgment did not resolve all issues of material fact as to whether Greer's narrow request for documents pertaining to a single employee's claims of racial discrimination for a limited period imposed an undue burden on the Board. Accordingly, we affirm the circuit

court's ruling on the motion for a default judgment, reverse the circuit court's ruling on the motion for summary judgment, and remand for further proceedings on the complaint.

¶ 17       Affirmed in part and reversed in part; cause remanded.

<br>

**No. 1-20-0429**

| | |
|---|---|
| **Cite as:** | *Greer v. Board of Education of the City of Chicago*, 2021 IL App (1st) 200429 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-M1-100657; the Hon. Anna Demacopoulos, Judge, presiding. |
| **Attorneys for Appellant:** | Tyrone J. Greer, of Chicago, appellant *pro se*. |
| **Attorneys for Appellee:** | Joseph T. Moriarty and Thomas A. Doyle, of Board of Education of the City of Chicago, of Chicago, for appellee. |