2022 IL App (1st) 210673-U

FIFTH DIVISION
MARCH 31, 2022

No. 1-21-0673

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NATHSON FIELDS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 20 CH 2039 |
| | ) | |
| COOK COUNTY STATE'S ATTORNEY'S | ) | |
| OFFICE, | ) | Honorable |
| | ) | Caroline K. Moreland, |
| Defendants-Appellee. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the judgment of the court.
Justices Hoffman and Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court's judgment denying the plaintiff's motion for summary judgment and granting the defendant's motion for summary judgment is vacated and the matter is remanded for an *in camera* review.

¶ 2    On January 11, 2020, the plaintiff-appellant, Nathson Fields, filed a Freedom of Information Act (Act) (5 ILCS 140/1 *et. seq.* (West 2018)) request with the Cook County State's Attorney's Office for all information, including forms, related to approval of all victim/witness relocation requests. On February 7, 2020, the Cook County State's Attorney's Office presented its response to Mr. Fields' Freedom of Information Act request, providing monthly expense reports

and withholding some categories of information based on its interpretation of exemptions under the Act to which it believed it was entitled. On February 19, 2020, Mr. Fields filed a complaint in the circuit court of Cook County, alleging that the Cook County State's Attorney's Office did not meet its burden of proving that the withheld records were exempt from disclosure under the Act. The parties filed cross-motions for summary judgment on the issue. On June 2, 2021, the circuit court denied Mr. Field's motion for summary judgment and granted the Cook County State's Attorney's motion for summary judgment. On appeal, Mr. Fields argues that the Cook County State's Attorney's Office did not meet its burden to show that the withheld categories were exempt. For the reasons that follow, we vacate the judgment of the circuit court of Cook County and remand the case to the circuit court for further proceedings in accordance with this order.

¶ 3                                BACKGROUND

¶ 4      On January 11, 2020, Mr. Fields filed a request under the Act, upon the Cook County State's Attorney's Office, asking for: "all approved Victim/Witness Relocation Request Approval Forms or other such forms submitted to obtain relocation compensation for a witness. You may redact witness names and personal information." On February 7, 2020, the Cook County State's Attorney's Office submitted its response to Mr. Fields' request.  That submission was in the form of monthly expense reports for the Victim/Witness Relocation program between the years of 1999 and 2019. Examples of the information provided in response to the Freedom of Information Act request were: the monthly monetary amounts spent on hotel expenses, moving expenses, and security deposits. Notably, the  Cook County State's Attorney's disclosure stated that it did not include any information regarding the following: (1) case name; (2) case number; (3) relocation number; (4) date of entry; (5) emergency or not; (6) name of victim/ witness; (7) names of others including family members; (8) Assistant State's Attorney (ASA) requester; (9) Victim Witness

personnel assigned; (10) victim/witness address; (11) victim/witness phone number; (12) victim/witness date of birth; (13) victim/witness gender; (14) victim/witness race; (15) victim/witness primary language; (16) victim/witness social security number; (17) victim/witness license plate number/vehicle identification number; (18) victim/witness income; (19) victim/witness public aid and Section 8 information; (20) approval; (21) any check/cash fee amount paid; (22) emergency living expenses paid; (23) hotel expenses paid; (24) moving expenses paid; (25) rent monies paid; (26) security deposit monies paid; and (27) transportation monies paid via the program. The Cook County State's Attorney's Office asserted that the foregoing categories fell into various exemptions under section 7 of the Act (5 ILCS 140/7 (West 2018)) and were thus, exempt from disclosure.

¶ 5    Mr. Fields then filed a complaint in the circuit court of Cook County, alleging that the Cook County State's Attorney's Office was in violation of the Act when it withheld, without adequate explanation, the following categories: (1) case name; (2) case number; (3) relocation number; (4) date of entry; (5) ASA requester; (6) approval; (7) check/cash fee amount paid; (8) emergency living expenses paid; (9) hotel expenses paid; (10) moving expenses paid; (11) rent monies paid; (12) security deposit monies paid; and (13) transportation monies.

¶ 6    The Cook County State's Attorney's Office answered Mr. Fields' complaint by asserting four affirmative defenses under sections 7(1)(c), 7(1)(d)(i), 7(1)(d)(iv), and 7(1)(d)(vi) of the Act. Specifically, the Cook County State's Attorney's Office averred that the withheld categories fell under the exemptions of: (1) unwarranted invasion of personal privacy; (2) interference with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency that is the recipient of the request; (3) disclosure would reveal the identity of a confidential source; or (4) would endanger the life or physical safety of law

enforcement personnel or any other person, respectively. 5 ILCS 140/7(1)(c), 7(1)(d)(i), 7(1)(d)(iv), 7(1)(d)(vi) (West 2018). In conjunction with its answer, the Cook County State's Attorney's Office filed two affidavits from two employees, one from Lori Smith, the director of the Victim Witness Program, and the other from Martha Jimenez, the supervisor of Municipal Litigation and the Freedom of Information Act officer for the Cook County State's Attorney's Office.

¶ 7    The affidavit of Lori Smith gave a detailed description of her role in the Victim Witness Program and the Victim/Witness Relocation Program Unit. It stated that the Victim/Witness Relocation Program Unit coordinates relocation for victims or witnesses in cases in which those individuals are facing an imminent threat of danger to themselves, their family, or their property. The relocation process begins when a victim or witness has been threatened. Once, the victim or witness files a police report, the Assistant State's Attorney assigned to the original charged criminal case refers the threatened individual to the Victim/Witness Program. Ms. Smith's affidavit explained that the victim or witness must first secure a residence; then, the Victim/Witness Relocation Program Unit sends money directly to the landlord, hotel, or reimburses the victim or witness upon receiving receipts regarding the expenses such as gas or an apartment. The individuals within the relocation program are victims or witnesses who either received a direct threat from the defendant in the charged case or are a confidential source or witness in a high-profile case. Lori Smith's affidavit attested that, in response to Mr. Fields' request under the Act, she performed the search herself with the assistance of the information technology unit of the Cook County State's Attorney's Office. She stated by affidavit, that she provided monthly expense reports from January 1999 to November 2019, which included the following categories: check/cash fee; emergency living expenses; hotel expenses; moving expenses; rent;

security deposit; and transportation. The affidavit did not mention any exemptions or withholding of information pursuant to any exemptions.

¶ 8 The affidavit of Martha Jimenez stated that she oversaw the day-to-day handling of requests made pursuant to the Act and, in particular, handled the request of Mr. Fields in this case. The affidavit attested that she instructed Ms. Smith to produce monthly expense reports and withhold information which could be a personal identifier or could become a personal identifier in conjunction with the other information requested. Ms. Jimenez stated that she made that decision based on sections 7(1)(b), 7(1)(c), 7(1)(d)(i), 7(1)(d)(iv), and 7(1)(d)(vi) of the Act. 5 ILCS 140/7(1)(b), 7(1)(c), 7(1)(d)(i), 7(1)(d)(iv), 7(1)(d)(vi) (West 2018). The affidavit did not state how the withheld categories of information fit within the exemptions identified.

¶ 9 On June 9, 2020, Mr. Fields filed a motion for summary judgment arguing that the withheld information should be released and that the Cook County State's Attorney's Office should release an index of the withheld records, giving a description of the contents of each document withheld and a statement regarding the basis of the exemption for each withheld document, either before or after an *in camera* inspection.[1] On August 10, 2020, the Cook County State's Attorney's Office filed its own motion for summary judgment, arguing that the withheld categories were properly redacted and exempt from disclosure. The motion specifically argued that the categories of case name; case number; date of entry; and names of Assistant State's Attorney requesters, when

---

[1]An *in camera* inspection or review is a procedure where the trial court reviews documents privately in chambers or in a courtroom, devoid of spectators, to determine if the documents are admissible or able to be disclosed.

combined, allowed for the identification of victims and witnesses, thereby making them unique identifiers under sections 7(1)(b) and 7(1)(c) of the Act.

¶ 10    The Cook County State's Attorney's Office's motion for summary judgment further claimed that since witness names are part of the court record, and therefore public information, that someone needed only look up the public docket to match the withheld categories and determine the particular witness who requested relocation and what financial assistance they received. The Cook County State's Attorney's Office, accordingly, contended that the release of the relocation expenses provided personal financial information when linked to a specific person. Under those circumstances, the Cook County State's Attorney's Office argued that providing the withheld information would constitute an unwarranted invasion of personal privacy, since each witness or victim in the relocation program faces an "imminent threat" and providing any information which undermines their security would be an invasion of their personal privacy. Under the exemption in section 7(1)(d)(i) of the Act, the Cook County State's Attorney's Office asserted that if witnesses knew that their request for relocation was made public, it would impact the community's and future witnesses' willingness to work with law enforcement or law enforcement proceedings and result in the public having no confidence in the Cook County State's Attorney's Office's ability to keep them safe. The motion argued that section 7(1)(d)(iv) of the Act applied to Mr. Fields' request since case number, case name, and ASA requester are uniquely linked to witnesses who requested relocation, and in some cases, those witnesses are confidential sources. Lastly, the motion contended that an exemption under section 7(1)(d)(vi)of the Act also applied. It argued that that section of the Act exempts any information that would "endanger the life or physical safety of law enforcement personnel or any other person," because each victim or witness

in the relocation program has been threatened and faces an imminent danger to their bodily safety, the safety of their family, or the safety of their property.

¶ 11    On September 21, 2020, Mr. Fields filed his response to the Cook County State's Attorney's cross-motion for summary judgment. In the response, Mr. Fields argued the Cook County State's Attorney's Office's evidence did not support its claims of exemption under the Act and that its claims were vague, sweeping, and conclusory. The response stated the affidavits did not discuss the methodology that was employed to determine which categories would be withheld.

¶ 12    On June 2, 2021, the trial court issued its order regarding the cross-motions for summary judgment. Nothing in the record before us indicates that the court conducted a hearing on the motions prior to its written order. The court granted the Cook County State's Attorney's motion for summary judgment and denied Mr. Fields' motion for summary judgment. The court stated that the Cook County State's Attorney's Office sufficiently proved that the documents and categories withheld from Mr. Fields' request fell into each of the claimed exemptions. On June 11, 2021, Mr. Fields filed a notice of appeal.

¶ 13                                ANALYSIS

¶ 14    We note that we have jurisdiction to consider this matter since Mr. Fields filed a timely notice of appeal following the trial court's judgment denying his motion for summary judgment and granting the Cook County State's Attorney's Office's motion for summary judgment. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 15    On appeal, the issue before us is whether the trial court erred in granting summary judgment in favor of the Cook County State's Attorney's Office. Mr. Fields argues that the Cook County State's Attorney's Office failed to meet its burden in the trial court which would have established that each of the withheld categories fit into the claimed exemptions under section 7 of the Act. He

argues that there was no evidence before the court which could establish that the withheld information could lead to the identification of any witness, let alone in a specific case. Therefore, he claims that the trial court erred in granting summary judgment in favor of the Cook County State's Attorney's Office. He asks us to vacate that judgment and remand this case to the trial court for further proceedings.

¶ 16 "Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). Our review of a trial court's summary judgment ruling is *de novo*. *Dumke v. City of Chicago*, 2013 IL App (1st) 121668, ¶ 11.

¶ 17 Here, the trial court granted summary judgment on the ground that the information withheld from Mr. Fields' request under the Act by the Cook County State's Attorney's Office was exempt. "The [Freedom of Information Act's] purpose is to open governmental records to the light of public scrutiny." *Day v. City of Chicago*, 388 Ill. App. 3d 70, 73 (2009). "Public records are presumed to be open and accessible under [the Act] and the exemptions are to be read narrowly." *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 11 (2010). "If the public body seeks to invoke one of the exemptions in section 7 as grounds for refusing disclosure, it is required to give written notice specifying the particular exemption claimed to authorize the denial." *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408 (1997). If the party requesting disclosure seeks to challenge the public body's denial in the trial court, the burden is on the public body to prove that "the records in question fall within the exemption it has claimed." *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464 (2003). "To meet this burden and to assist the trial court in making its determination, the agency must provide a *detailed* justification for its claim of

exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing." (Emphasis in original.) *Baudin v. City of Crystal Lake*, 192 Ill. App. 3d 530, 537 (1989).

¶ 18    The trial court "shall conduct such in camera examination of the requested records as it finds appropriate to determine if such records or any part thereof may be withheld under any provision of this Act." 5 ILCS 140/11(f) (West 2018). Courts of review have interpreted that section of the Act to mean that the trial court need not conduct an *in camera* inspection "where the public body meets its burden of showing that the statutory exemption applies by means of affidavits." *Illinois Education Ass'n*, 204 Ill. 2d at 469. However, affidavits alone are not sufficient if "the public body's claims are conclusory, merely recite statutory standards, or are too vague or sweeping." *Illinois Education Ass'n*, 204 Ill. 2d at 469.

¶ 19    In this case, the Cook County State's Attorney's Office in its motion for summary judgment and affidavits emphasized the danger to witnesses and victims if their identity or any information regarding their current location was disclosed. The affidavit from Lori Smith was very detailed in its description of the Victim/Witness Relocation Program Unit, its process in relocating victims or witnesses, and the imminent threat to those individuals. We note from the information that it is abundantly clear that, if the disclosure was made in a manner that disclosed the names of witnesses or victims and their locations, they could be in imminent danger. It is also evident that the disclosure of information which puts these individuals in danger would erode public trust in the law enforcement agencies involved.

¶ 20    However, while the Cook County State's Attorney's Office details the danger that would come from disclosure of the identities of the witnesses or victims, it fails to make any attempt to show the nexus between the withheld categories and the identification of the witnesses and victims

in the relocation program. We can divine the nexus regarding potential identification of individuals in the program from the withheld categories of: case name; case number; date of the entry of payment; Assistant State's Attorney who requested the payment; and payment approval. However, without more information, there are certain categories for which we cannot determine how sharing the requested information would lead to identification of individuals in the program. For example, it is unclear how disclosing the amount of money paid for various expenses without any additional information would establish the nexus needed to reveal the identity of individuals in the program. We note that the crux of the argument advanced by the State's Attorney's Office was directed to the protection of personal identifying data which could lead to disclosing individual identities of victims and witnesses. Our review of the affidavits proffered by the Cook County State's Attorney's Office's, in support of the various exemptions claimed for the information it withheld, showed that they were insufficient and did not establish the required connections between the affidavits and the withheld information. That left the trial court to speculate as to whether the affidavits fell within the claimed exceptions. While we recognize the trial court's inclination to draw inferences from the affidavits provided by the State's Attorney's Office, given the serious nature of the harm that could occur if identities were disclosed, the court should not rely on mere talisman recitation of phrases such as "imminent danger" to relieve a public body of its burden to show that the invoked exemption applies. See *Illinois Education Ass'n*, 204 Ill. 2d at 470 (stating a public body may not simply state certain words or phrases as "some talisman, the mere utterance of which magically casts a spell of secrecy over the documents at issue"). Instead, "the public body can meet its burden only by providing some *objective* indicia that the exception is applicable under the circumstances." (Emphasis in original). *Illinois Education Ass'n*, 204 Ill. 2d at 470.

¶ 21    Importantly, summary judgment is only appropriate when the affidavits show with

"reasonable specificity why the documents fall within the claimed exception and are sufficient to allow adversarial testing." *Illinois Education Ass'n*, 204 Ill. 2d at 470-71. That specification is absent from the affidavits produced by the Cook County State's Attorney's Office in this case. The affidavits discuss the documents and the process collectively but do not show with any specificity how the disclosure of the categories, individually, reveal a witness' or victim's identity. This is especially true of the categories which we highlighted as lacking the nexus needed for identification and disclosure. Without reasonably detailed affidavits, the trial court should have conducted an *in camera* review of the requested documents to determine whether the material fell within the exemptions and then order any necessary redactions to the documents. *Illinois Education Ass'n*, 204 Ill. 2d at 472. Stated another way, the record before us does not contain a sufficient basis for the trial court to have disposed of the case via summary judgment. Whether the withheld information for each and every category fell within an exemption under the Act is clearly a material question. Therefore, granting summary judgment in favor of the Cook County State's Attorney's Office was an error. Accordingly, we vacate that judgment and remand the case for further proceeding, which will allow the trial court to consider whether the State's Attorney's Office has met its burden of establishing the necessary connection between the statutory provision, the requested information, and potential identification of protected individuals.

¶ 22      Thus, on remand, the trial court should conduct an *in camera* review of the documents in question. In its review, it should consider the exemptions claimed by the Cook County State's Attorney's Office and order the redaction of any information that falls under an appropriate exemption. See *Illinois Education Ass'n*, 204 Ill. 2d at 472. We recommend that the trial court be guided by two considerations. First, the court should narrowly construe the exemption when reviewing the documents, balancing the public policy favoring open and accessible disclosure of

government documents with the need to keep the individuals in the program safe in order to maintain public confidence in the program. Second, the court should keep in mind that the burden on the Cook County State's Attorney's Office must be met in accordance with established principles of Illinois law. That burden cannot be met by merely stating the danger inherent in the disclosure of the victims' or witnesses' identities as the Cook County State's Attorney's Office attempted to do. While the Cook County's State's Attorney did not meet its burden in its affidavits, we make no finding on whether the Cook County's State's Attorney's Office would be able to do so if they complied with Illinois precedent. That is for the trial court to decide on remand. We note that in his complaint, Mr. Fields requested that the Cook County State's Attorney's Office provide an index of withheld information. The trial court denied that request given its disposition of the matter. However, on remand, the trial court may want to revisit that request, as an index would: (1) detail the nature or contents of each document withheld, without disclosing the information which the Cook County State's Attorney's Office asserts is exempt; and (2) contain a statement of the exemption or exemptions claimed for each such deletion or document withheld. Such a process might be helpful and expedient for the trial court's review.

¶ 23 Accordingly, we vacate the trial court's order granting summary judgment to the Cook County State's Attorney's Office and denying summary judgment for Mr. Fields. We, therefore, remand this case to the trial court to conduct an *in camera* inspection of the records in question, consistent with this order.

¶ 24                                    CONCLUSION

¶ 25 For the foregoing reasons, we vacate the judgment of the circuit court of Cook County granting the Cook County State's Attorney's Office's motion for summary judgment and denying

Mr. Fields' motion for summary judgment. We remand the case to the circuit court for an *in camera* review consistent with this order.

¶ 26    Vacated and remanded with directions.