# Illinois Official Reports

## Appellate Court

---

*McGee v. Kelley*, 2017 IL App (3d) 160324

---

| | |
|---|---|
| Appellate Court Caption | DERRICK McGEE, Plaintiff-Appellant, v. MIKE KELLEY, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-16-0324 |
| Filed | December 14, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 15-CH-725; the Hon. Bennett J. Braun, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Derrick McGee, of East Moline, appellant *pro se*.<br><br>James W. Glasgow, State's Attorney, of Joliet (Philip A. Mock, Assistant State's Attorney, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.<br>Justices McDade and Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    The plaintiff, Derrick McGee, filed a complaint for injunctive or declaratory relief against the defendant, Will County Sheriff Mike Kelley, seeking the disclosure of records pursuant to the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2014)). The circuit court found in favor of the defendant, holding that the requested records were exempt from FOIA disclosure. The plaintiff appeals, arguing that the court's findings were made in error.

¶ 2                                                    FACTS

¶ 3    On January 25, 2013, the plaintiff submitted a FOIA request to the Will County sheriff's office, requesting any and all documents prepared in connection with his indictment that led to his conviction of aggravated criminal sexual assault (720 ILCS 5/12-14(a)(2) (West 1998)) and aggravated battery (720 ILCS 5/12-4(a) (West 1998)). See *People v. McGee*, 326 Ill. App. 3d 165, 166 (2001). On February 4, 2013, the Will County sheriff's office denied the plaintiff's FOIA request, stating that his case was under appeal and was considered an open investigation (5 ILCS 140/7(1)(d)(i), (iii), (iv) (West 2012)).

¶ 4    On February 28, 2013, the plaintiff requested that a Public Access Counselor (PAC) review the denial of his FOIA request. The plaintiff argued that he was entitled to the requested records and his criminal case was not on direct appeal when he filed his FOIA request, but rather, his case was on appeal for the denial of his section 2-1401 petition for relief from judgment (735 ILCS 5/2-1401 (West 2012)). See *People v. McGee*, 2014 IL App (3d) 120291-U.

¶ 5    On March 13, 2013, the PAC notified the Will County sheriff's office that further inquiry was warranted and requested a detailed factual basis for its denial with unredacted copies of the withheld records (2013 PAC 23641).

¶ 6    On August 28, 2013, the State responded to the PAC's request on behalf of the defendant. The State explained that the February 2013 response by the sheriff's office to the plaintiff's FOIA request was erroneous because the plaintiff's criminal case was not considered open, as it was only on collateral review for the dismissal of his section 2-1401 petition. The State also asserted that the plaintiff made the same records request in 2010. After his request was denied, he requested a PAC to review the denial (2010 PAC 7401).

¶ 7    The State attached its response from the 2010 PAC case and adopted its reasons for denying the FOIA request, which included (1) the plaintiff received redacted records in 2009 and never challenged the redactions; (2) the information was specifically prohibited from disclosure (5 ILCS 140/7(1)(a), (1)(b)(v) (West 2008)), as Illinois Supreme Court Rule 412(j)(ii) (eff. Mar. 1, 2001) provides the informants' privilege that criminal defendants are not to receive the names of the people providing information against them; (3) the disclosure would constitute an unwarranted invasion of the victim's personal privacy (5 ILCS 140/7(1)(b) (West 2008)) because the reports detail the sexual assault the plaintiff was charged with, where he used a stun gun on the victim and brutally sexually assaulted her; and (4) other redacted portions disclosed unique or specialized investigative techniques (5 ILCS 140/7(1)(c)(v) (West 2008)).

¶ 8    On March 16, 2015, the plaintiff filed a complaint for injunctive or declaratory relief (5 ILCS 140/11 (West 2014)) against Will County Sheriff Paul J. Kaupas for the denial of his

FOIA request. The plaintiff requested that the circuit court conduct an *in camera* examination of the requested records to determine whether disclosure was warranted. On June 2, 2015, the plaintiff filed an amended complaint, naming Will County Sheriff Mike Kelley as the defendant (who replaced Kaupas as Will County sheriff).

¶ 9 On May 13, 2016, after conducting an *in camera* examination of the requested records, the court found in favor of the defendant. The court found that (1) no portion of the unredacted records should be disclosed under FOIA, (2) the plaintiff made similar requests and was collaterally estopped from proceeding with his case, (3) the exemptions in sections 7(1)(a) and (b) applied, (4) disclosure would result in an unwarranted invasion of personal privacy of the victim of the sexual assault, (5) section 7(1)(c) exemption did not apply, and (6) the order was final and appealable. The plaintiff appeals.

¶ 10                                    ANALYSIS

¶ 11 On appeal, the plaintiff argues that the circuit court erred when it found that he was not entitled to the requested records because (1) it misapplied the FOIA exemptions, (2) the information in the requested records has already been made public, and (3) collateral estoppel does not apply. We address each of these contentions in turn.

¶ 12 Under FOIA, public records are presumed to be open and accessible. 5 ILCS 140/1.2 (West 2014). "Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest." 5 ILCS 140/1 (West 2014). Based on this intent, FOIA's exemptions are to be read narrowly. *Peoria Journal Star v. City of Peoria*, 2016 IL App (3d) 140838, ¶ 11.

¶ 13 Upon receipt of a proper FOIA request, the public body must comply with the request unless one of statutory exemptions provided in section 7 of FOIA applies. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 463 (2003). If the public body invokes a section 7 exemption, it must give written notice specifying the exemption that authorizes its denial. *Id.* at 464. An individual whose request for records has been denied may request review by a PAC, who determines whether further action is warranted on the requester's claim. 5 ILCS 140/9.5(a), (c) (West 2014). The PAC may resolve the issue by mediation, binding opinion, or other means—but only a binding opinion is subject to administrative review. 5 ILCS 140/9.5(f), 11.5 (West 2014). However, an individual whose request for records was denied may also file an action in the circuit court for injunctive or declaratory relief. 5 ILCS 140/11(a) (West 2014).

¶ 14 If the individual requesting records challenges the public body's denial in the circuit court, the public body has the burden of proving, by clear and convincing evidence, that the records fall within the claimed exemption. *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408 (1997); see 5 ILCS 140/11(f) (West 2014). The court shall review the FOIA request *de novo* and conduct an *in camera* examination of the records to determine whether any portion may be withheld under the claimed exemption(s). 5 ILCS 140/11(f) (West 2014).

¶ 15 First, the plaintiff argues that the circuit court misapplied the FOIA exemptions to the police reports. In the court's written order, it found that the exemptions in sections 7(1)(a) and (b) of FOIA applied. 5 ILCS 140/7(1)(a), (b) (West 2014). The plaintiff does not challenge this aspect of the court's order. In fact, he concedes that identifying and personal information, such

as names and addresses, should be redacted from the police reports. Instead, the plaintiff argues that after the identifying and personal information was redacted from the reports, the remainder of the reports should have been available to him because they do not meet any other FOIA exemption. The defendant disagrees, arguing that the remaining portions of the reports are exempt under FOIA because their disclosure would constitute an unwarranted invasion of personal privacy of the victim of sexual assault. See 5 ILCS 140/7(1)(c) (West 2014). Whether the police reports can be withheld pursuant to a FOIA exemption is a matter of statutory construction, which we review *de novo*. *Lucas v. Prisoner Review Board*, 2013 IL App (2d) 110698, ¶ 15.

¶ 16 We note the court specifically found in its May 2016 order that the section 7(1)(c) exemption did not apply to the police reports. 5 ILCS 140/7(1)(c) (West 2014). Yet, in its written order, the court used specific language from section 7(1)(c) when it found that "[d]isclosure would be an unwarranted invasion of personal privacy of the victim of the sexual assault." At the time of the court's judgment, the section 7(1)(c) exemption provided, in relevant part, as follows:

> "(c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." 5 ILCS 140/7(1)(c) (West 2014).

¶ 17 The reason for this contradiction is unclear. Nonetheless, we must consider whether the court erred when it found that disclosure of the police reports would constitute an unwarranted invasion of personal privacy of the victim of sexual assault. See 5 ILCS 140/7(1)(c) (West 2014). When making this determination, courts consider (1) the plaintiff's interest in disclosure, (2) the public interest in disclosure, (3) the degree of invasion of personal privacy, and (4) the availability of alternative means of obtaining the requested information. *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 13 (2010).

¶ 18 The plaintiff fails to address the court's finding that disclosure of the police reports would result in an unwarranted invasion of personal privacy of the victim of sexual assault. Instead, he relies on his blanket statement that only identifying and personal information of the witnesses could be redacted from the reports. Consequently, this leaves us to speculate as to what his interest is in the disclosure. It is unclear whether the police reports were provided to the plaintiff or his counsel during the prosecution of his criminal case, but the plaintiff already received the substance of the information contained in the police reports by other means, as the victim testified at his jury trial (see *McGee*, 326 Ill. App. 3d at 167). In sum, the plaintiff's interest in the unredacted police reports is minimal. Similarly, the public's interest in disclosure is slight. The public has an interest in monitoring law enforcement to ensure it is acting in the public's interest. However, it is doubtful that the public has any interest in the actual details of the victim's sexual assault and battery.

¶ 19 On the other hand, the degree of invasion of personal privacy of the victim is substantial. As the defendant notes in its brief, "A victim's right to be treated with fairness and respect for [the victim's] dignity and privacy precludes [the] attacker from obtaining police reports

containing the violations perpetrated against the victim. This respect for the victim's dignity or privacy prevents the [p]laintiff from sharing with [his] fellow inmates the details of the assault, reliving the thrill of [his] attack on the victim or any other dissemination of the details of the attack." We agree with the defendant, as our review of the unredacted records reveals that the police reports contain detailed, sensitive, and extremely personal statements regarding the sexual assault and battery.

¶ 20   For the foregoing reasons, we find that the degree of invasion of personal privacy of the victim outweighs the other factors. Thus, we agree with the circuit court's finding that the release of the unredacted police reports would constitute an unwarranted invasion of personal privacy and, as such, the reports are exempt from FOIA disclosure. 5 ILCS 140/7(1)(c) (West 2014).

¶ 21   Second, the plaintiff argues that once the police reports were made public, they cannot later become private for the purpose of an unwarranted invasion of personal property (citing *Day v. City of Chicago*, 388 Ill. App. 3d 70 (2009)). However, the plaintiff does not point to any evidence demonstrating that the police reports were ever made public. The defendant argues that the record on appeal is devoid of any indication that the police reports have been made public. The defendant is correct in that the record does not demonstrate whether the police reports were ever made public. As such, any deficiencies in the record will be construed against the appellant. See *People v. Hunt*, 234 Ill. 2d 49, 58 (2009) (the appellant has the burden of presenting an adequate record sufficient to support its claim of error and any doubts raised from the inadequate record will be construed against it).

¶ 22   Last, the plaintiff argues that collateral estoppel does not apply to this civil case. However, because this court has already determined that the circuit court's judgment was proper on other grounds, we need not address whether the court erred when it found that collateral estoppel applied to the plaintiff's case, as it will not change the outcome of this appeal.

¶ 23                    CONCLUSION
¶ 24   The judgment of the circuit court of Will County is affirmed.

¶ 25   Affirmed.