**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210527-U

Order filed December 2, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| JASON E. COHEE, Director of Intelligence-R-Us, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal No. 3-21-0527 |
| v. | ) | Circuit No. 21-MR-711 |
| | ) | |
| PEORIA COUNTY STATE'S ATTORNEY'S OFFICE, | ) ) ) | The Honorable |
| | ) | Frank W. Ierulli, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Presiding Justice O'Brien and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   In an appeal in a Freedom of Information Act (FOIA) case in which the public-body defendant denied the requester plaintiff's FOIA requests, the appellate court found that the trial court did not err in: (1) denying the plaintiff's motion to continue; and (2) granting the defendant's motion to dismiss the plaintiff's complaint for judicial review. The appellate court, therefore, affirmed the trial court's judgment.

¶ 2    After his Freedom of Information Act (FOIA or Act) (5 ILCS 140/1 *et seq.* (West 2020))

requests were denied, plaintiff, Jason E. Cohee, filed a complaint for judicial review of the denial

in the trial court.  Defendant, the Peoria County State's Attorney's Office, filed a motion to dismiss the complaint, alleging that the information that plaintiff sought was exempt from disclosure.  Plaintiff opposed the motion to dismiss and also filed a motion to continue the hearing that had been scheduled on the motion to dismiss.  The trial court denied plaintiff's motion to continue, went forward with the hearing on defendant's motion to dismiss, granted defendant's motion, and dismissed plaintiff's complaint for judicial review.  Plaintiff appeals.  We affirm the trial court's judgment.

¶ 3                                                I. BACKGROUND

¶ 4        In May 2021, plaintiff filed various FOIA requests with defendant seeking the disclosure of, among other things, the personnel files of the State's Attorney and three of defendant's employees.  Plaintiff was using the requests to try to gather information about why defendant had decided not to charge plaintiff's mother with the alleged financial exploitation of plaintiff.  The following month, defendant sent plaintiff a letter denying the requests and claiming that the information that plaintiff sought to obtain was exempt from disclosure under section 7(1)(c) of the FOIA (5 ILCS 140/7(1)(c) (West 2020)) and well-established case law because plaintiff's requests constituted an unwarranted invasion of personal privacy.[1]

¶ 5        In August 2021, plaintiff filed in the trial court the instant complaint for judicial review of defendant's denial of plaintiff's FOIA requests.  As supporting documents, plaintiff attached to his complaint a copy of his FOIA requests and of defendant's letter denying those requests.  Plaintiff asked in the complaint that the requested documents be submitted to the trial court for

_____

[1] Only plaintiff's FOIA requests that were denied outright are at issue in this appeal.  Some of plaintiff's FOIA requests were granted, at least in part, and some pertained to records that did not exist.  In addition, some of plaintiff's requests were deemed to be unduly burdensome, and plaintiff was asked to narrow down those requests.

an *in camera* inspection. The following month, defendant filed a section 2-619 motion to dismiss the complaint (735 ILCS 5/2-619(a)(9) (West 2020)), claiming that the information that plaintiff sought to obtain was exempt from disclosure under section 7(1)(c) of the FOIA because disclosure would constitute an unwarranted invasion of personal privacy. Defendant noted in its motion that plaintiff had previously been charged with Threatening a Public Official in Peoria County where one of the victims in the case was the current State's Attorney (Jodi Hoos) and had been found not guilty by reason of insanity. Plaintiff filed a response and opposed the motion to dismiss, and defendant filed a reply. As part of their pleadings, the parties fully briefed the issues that were before the trial court.

¶ 6        In November 2021, the trial court held a hearing on defendant's motion to dismiss. The hearing had been scheduled since the end of September 2021. A few days before the hearing, plaintiff, who was self-represented in the trial court proceedings, filed a motion to continue the hearing so that he could craft a motion for declaratory judgment for violation of his equal protection rights and so that he could schedule an evidentiary hearing on his declaratory-judgment motion. At the outset of the November 2021 hearing, the trial court pointed out to plaintiff that a declaratory-judgement action was a different action that belonged in a different courtroom, and plaintiff agreed. The trial court, therefore, denied plaintiff's motion to continue, and the parties made their oral arguments on defendant's motion to dismiss.

¶ 7        During oral arguments, the trial court asked plaintiff what he expected to find in the personnel files that pertained to defendant's charging decision as to plaintiff's mother. Plaintiff responded that he would not know until he saw what was in the files. As the trial court questioned plaintiff further about the reason why plaintiff wanted the documents, the following conversation, in pertinent part, ensued:

3

"THE COURT: --my guess is this: You're punishing the State's Attorney's Office. They didn't do something you want so how can you stick your thumb in their eye? You're going to do it by requesting personnel records.

[PLAINTIFF]: You're right.

THE COURT: 'Cause that's the only reason I can think of.

[PLAINTIFF]: You're right. I'm not going to say you're wrong, your Honor."

¶ 8    After the oral arguments had concluded, the trial court discussed its analysis of the issue and made its ruling. The trial court applied the four-part balancing test set forth in *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408-09 (1997), and found that three of the four factors weighed strongly against disclosure. More specifically, the trial court concluded that plaintiff wanted the requested documents to try to punish defendant for denying plaintiff's request (presumably, plaintiff's request to have defendant charge plaintiff's mother with financial exploitation of plaintiff), that the public had no interest in the disclosure, that the degree of invasion of personal privacy was high, and that plaintiff had no other means to obtain the documents. Based upon its weighing of the *Lieber* factors, the trial court concluded that plaintiff's FOIA requests constituted an "unreasonable invasion of privacy" and granted defendant's motion to dismiss plaintiff's complaint for judicial review. Plaintiff appealed to challenge the trial court's denial of plaintiff's motion to continue and the trial court's grant of defendant's motion to dismiss.[2,3]

---

[2] For the convenience of the reader and to match the order in which the trial court made its rulings, we have changed the order of the issues presented by plaintiff on appeal.

[3] Plaintiff initially raised as a third issue in this appeal whether this court should grant "Plaintiff's request for an Internal Motion for Judgment on the Pleadings and Petition for Certiorari to the United

4

¶ 9                                            II. ANALYSIS

¶ 10                          A. Denial of Plaintiff's Motion to Continue

¶ 11      As his first point of contention on appeal, plaintiff argues that the trial court erred in denying his motion to continue. As best as we can discern, plaintiff asserts that the motion to continue should have been granted because: (1) defendant did not object to the motion; and (2) contrary to the trial court's ruling, the motion did not pertain to a separate action but, rather, was merely an attempt by plaintiff to go directly to plaintiff's underlying concern as to whether defendant could properly refuse to charge plaintiff's mother with financial exploitation.[4] Although not quite clear from plaintiff's argument, we will presume that plaintiff is asking this court to reverse the trial court's ruling on plaintiff's motion to continue and on defendant's motion to dismiss and to remand this case for further proceedings.

¶ 12      Defendant argues that the trial court's denial of plaintiff's motion to continue was proper and should be upheld. In making that argument, defendant notes that: the date of the hearing had been set for more than a month before plaintiff had filed his motion to continue; plaintiff was not required to present witnesses at the hearing since the hearing was not an evidentiary one; the parties had fully briefed the motion to dismiss; and plaintiff was seeking additional time to file a declaratory judgment action, not to prepare for the hearing on the motion to dismiss. Thus,

States Supreme Court." Plaintiff, however, did not raise that issue in the trial court or address that issue further in his opening brief on appeal, other than merely setting forth the issue in his list of issues presented. After defendant asserted in its response brief that the issue had been forfeited and that this court lacked jurisdiction to rule upon the issue, plaintiff stated in his reply brief that he "waive[d] any and all discussion" of the issue as defendant had suggested. We, therefore, deem the issue to be withdrawn by plaintiff and will not discuss it further in this appeal.

[4] In his reply brief, plaintiff states that he "waives and concedes" that this issue is "moot according to law" because he failed to file an affidavit in support of his motion to continue. Defendant, however, has not raised that argument in support of the trial court's denial of plaintiff's motion to continue. We, therefore, take no position on that aspect of this issue.

defendant contends that considering plaintiff's reasons for requesting additional time and the procedural stance of the case, the trial court did not err in denying plaintiff's motion to continue and in going forward with the hearing on defendant's motion to dismiss. Defendant asks, therefore, that we affirm the trial court's denial of plaintiff's motion to continue in this case.

¶ 13        Section 2-1007 of the Code of Civil Procedure governs requests for continuances in civil cases. See 735 ILCS 5/2-1007 (West 2020); *In re M.R.*, 305 Ill. App. 3d 1083, 1086 (1999). The statute provides that a request for a continuance may be granted on good cause shown, in the discretion of the trial court, and on just terms. 735 ILCS 5/2-1007 (West 2020); *M.R.*, 305 Ill. App. 3d at 1086. It is well established, however, that a party has no absolute right to a continuance. *M.R.*, 305 Ill. App. 3d at 1086. The trial court, in its broad discretion, must decide if the motion to continue should be granted or denied. See *Merchants Bank v. Roberts*, 292 Ill. App. 3d 925, 927 (1997). A decisive factor in making that determination is whether the party seeking the continuance has acted diligently in proceeding with the case. See *id.* A trial court's ruling on a motion to continue will not be reversed on appeal, absent an abuse of discretion. *M.R.*, 305 Ill. App. 3d at 1086. The threshold for finding an abuse of discretion is high one and will not be overcome unless it can be said that the trial court's ruling was arbitrary, fanciful, or unreasonable, or that no reasonable person would have taken the view adopted by the trial court. See *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009); *In re Leona W.*, 228 Ill. 2d 439, 460 (2008). In addition, the denial of a motion to continue will not be grounds for reversal on appeal unless the complaining party shows that he or she has been prejudiced by the denial. *M.R.*, 305 Ill. App. 3d at 1086.

¶ 14        In the present case, after reviewing the record, we find that the trial court did not err in denying plaintiff's motion to continue for three reasons. First, the motion to continue was not

6

promptly filed. Although the hearing date on defendant's motion to dismiss had been set more than a month earlier, plaintiff waited until just shortly before the hearing date to file his motion to continue and did not provide the trial court with any reason for the delay. Second, despite plaintiff's assertion to the contrary, the motion to continue did not pertain to the matter that was already pending before the trial court—defendant's motion to dismiss plaintiff's complaint for judicial review of the denial of his FOIA requests—but, rather, pertained to plaintiff's separate underlying concern as to whether defendant could refuse to charge plaintiff's mother with financial exploitation. Third and finally, the procedural stance of this case did not warrant granting plaintiff's motion to continue. At the time that the motion to continue was filed and when plaintiff later appeared before the trial court, the case had already been scheduled for a hearing on defendant's motion to dismiss. The parties had fully briefed that matter, and the trial court had set aside time for the hearing to take place. Plaintiff was not seeking additional time to prepare for the hearing, which was not an evidentiary hearing, but, rather, was seeking to pursue a separate matter as indicated above. Thus, based upon the facts of this case, we find that the trial court did not commit an abuse of discretion in denying plaintiff's motion to continue. See *M.R.*, 305 Ill. App. 3d at 1086; *Blum*, 235 Ill. 2d at 36; *Leona W.*, 228 Ill. 2d at 460.

¶ 15                                     B. Grant of Defendant's Motion to Dismiss

¶ 16         As his second point of contention on appeal, plaintiff argues, although somewhat implicitly, that the trial court erred in granting defendant's motion to dismiss plaintiff's complaint. Plaintiff asserts that the four-part *Lieber* balancing test was eliminated when the legislature made "sweeping changes" to the FOIA in January 2010 and should not have been used in this case. In making that assertion, however, plaintiff acknowledges that the Illinois Supreme Court recognized the continued validity of the *Lieber* case in the supreme court's recent

7

decision in *Mancini Law Group, P.C. v. Schaumburg Police Department*, 2021 IL 126675, ¶ 36. Although not quite clear from plaintiff's brief on appeal, as best as we can discern, plaintiff is asking that we reverse the trial court's grant of defendant's motion to dismiss and that we remand this case for further proceedings.[5]

¶ 17 Defendant argues that the trial court's ruling was proper and should be upheld. In support of that argument, defendant makes three contentions. First, defendant asserts that even though the FOIA was amended in 2010, the four-part *Lieber* balancing test was, and continues to be, the appropriate test to be applied in analyzing the type of exemption claimed by defendant in this case (that the requested documents were exempt from disclosure under the FOIA because disclosure would constitute an unwarranted invasion of personal privacy). In keeping with that assertion, defendant maintains that the *Lieber* decision has not been overturned, that the four-part balancing test is consistent with the language of the FOIA, and that the appellate courts have continued to apply the *Lieber* test after the FOIA was amended. Second, defendant asserts that plaintiff cannot argue on appeal that the *Lieber* test does not apply because plaintiff cited the *Lieber* test in the trial court proceedings as the controlling law. See *Stephens v. Taylor*, 207 Ill. 2d 216, 222 (2003) (recognizing the well-settled legal principle under Illinois law that a party cannot claim error on appeal when it induced the trial court's mistake). Third and finally, defendant asserts that even if plaintiff has properly challenged the dismissal in this appeal (defendant does not believe that plaintiff has done so because, according to defendant, plaintiff's argument on appeal does not specifically challenge the dismissal), this court should still uphold

---

[5] In the conclusion paragraph of his initial brief on appeal, plaintiff indicates, although rather ambiguously, that he is seeking a remand in this case. In his reply brief, plaintiff asks that we remand this case with an order granting his prayer for relief in his complaint for judicial review. Our task on appeal as to this issue, however, is only to determine whether the trial court erred in granting defendant's motion to dismiss.

the dismissal. For all of the reasons set forth, therefore, defendant asks that we affirm the trial court's judgment granting defendant's motion to dismiss plaintiff's complaint for judicial review.

¶ 18 In reply to defendant's argument regarding invited error, plaintiff asserts that although he mentioned *Lieber* in the brief attached to his original complaint in the trial court, he also questioned in the trial court whether the *Lieber* test was still valid. Thus, plaintiff contends that he did not invite or interject error into this case. For that reason and all of the other reasons stated, plaintiff again asks, albeit somewhat implicitly, that we reverse the trial court's grant of defendant's motion to dismiss plaintiff's complaint for judicial review and that we remand this case to the trial court "with an Order granting [the] prayer for relief in [plaintiff's complaint]."

¶ 19 Section 2-619 of the Code of Civil Procedure allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2020); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2020). Under subsection (a)(9), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. *Id.* § 2-619(a)(9). An "affirmative matter" is something in the nature of a defense that negates the cause of action completely. *Van*

9

*Meter*, 207 Ill. 2d at 367.  In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party.  *Id.* at 367-68.  On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo.  Id.* at 368.  The denial of a request for disclosure under the FOIA is also a matter that is subject to a *de novo* standard of review on appeal.  *Hosey v. City of Joliet*, 2019 IL App (3d) 180118, ¶ 9.  When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform.  *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43.

¶ 20       The overriding purpose of the Illinois FOIA is to open governmental records to the light of public scrutiny.  See 5 ILCS 140/1 (West 2020); *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989).  In keeping with that purpose, under the FOIA, public records are presumed to be open and accessible—to be open to the public for inspection and copying.  See 5 ILCS 140/1.2 (West 2020); *McGee v. Kelley*, 2017 IL App (3d) 160324, ¶ 12.  "Such access is necessary to enable the people to fulfill their duties of discussing public issues fully and freely, making informed political judgments and monitoring government to ensure that it is being conducted in the public interest."  5 ILCS 140/1 (West 2020).  The provisions of the FOIA are to be construed broadly so as to achieve the Act's goal of providing a free flow of information between the government and the people.  See *Perry v. Department of Financial & Professional Regulation*, 2018 IL 122349, ¶ 34; *Bowie*, 128 Ill. 2d at 378.

¶ 21       When a public body receives a proper FOIA request, it must comply with that request unless one of the statutory exemptions applies.  See 5 ILCS 140/3(a) (West 2020); *Lieber*, 176 Ill. 2d at 407-08; *McGee*, 2017 IL App (3d) 160324, ¶ 13.  The exemptions to the FOIA disclosure requirement are set forth in section 7 of the Act and are to be read narrowly so as not

to defeat the FOIA's intended purpose. See 5 ILCS 140/7 (West 2020); *Lieber*, 176 Ill. 2d at 407-08; *McGee*, 2017 IL App (3d) 160324, ¶ 12. If a public body denies a request for disclosure based upon one of the exemptions listed in section 7, it must give written notice of the denial to the requesting party and specify the particular exemption claimed. 5 ILCS 140/9(b) (West 2020); *Lieber*, 176 Ill. 2d at 408; *McGee*, 2017 IL App (3d) 160324, ¶ 13.

¶ 22 The requesting party may then file a complaint for injunctive and/or declaratory relief in the trial court to challenge the denial of the request for disclosure. 5 ILCS 140/11(a) (West 2020); *McGee*, 2017 IL App (3d) 160324, ¶ 13. If such an action is filed, the public body bears the burden in the trial court to prove by clear and convincing evidence that the requested records fall within the exemption claimed. See 5 ILCS 140/1.2, 11(f) (West 2020); *Lieber*, 176 Ill. 2d at 408; *McGee*, 2017 IL App (3d) 160324, ¶ 14. The trial court will review the FOIA request *de novo* and shall conduct such an *in camera* examination of the requested documents as the trial court finds appropriate to determine whether any portion may be withheld under the claimed exemption. See 5 ILCS 140/11(f) (West 2020); *McGee*, 2017 IL App (3d) 160324, ¶ 14.

¶ 23 In this particular case, the defendant claimed that the four personnel files were exempt under section 7(1)(c) of the FOIA. Section 7(1)(c) provides, in pertinent part, that the following information is exempt from disclosure:

> "Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the

11

information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(c) (West 2020).

To determine whether the disclosure of requested documents would constitute an unwarranted invasion of personal privacy under section 7(1)(c) of the FOIA, courts apply the four-part *Lieber* balancing test. See *Lieber*, 176 Ill. 2d at 408-09; *McGee*, 2017 IL App (3d) 160324, ¶ 17. In conducting that balancing test, the courts consider the following four factors: (1) the plaintiff's interest in disclosure; (2) the public interest in disclosure; (3) the degree of invasion of personal privacy; and (4) the availability of alternative means of obtaining the requested information. *McGee*, 2017 IL App (3d) 160324, ¶ 17.

¶ 24 In the present case, after reviewing the record, we find that the trial court properly granted defendant's section 2-619 motion to dismiss. See 735 ILCS 5/2-619 (West 2020); *Van Meter*, 207 Ill. 2d at 367. As the trial court correctly noted, three of the four *Lieber* factors weigh in favor of non-disclosure. First, plaintiff's interest in disclosure was low since plaintiff was only seeking the requested documents to try to punish defendant for refusing to charge plaintiff's mother with financial exploitation. Second, the public had no interest in the disclosure of the personnel files at issue. And, third, the degree of invasion of personal privacy was high as the personnel files were likely to contain highly personal and confidential information, such as home addresses, phone numbers, and insurance and other benefit information. The only *Lieber* factor that weighed in favor of disclosure was the fourth factor—that plaintiff had no other means of obtaining the requested information. Thus, when the four *Lieber* factors are balanced in this case, they weigh strongly against disclosure of the requested information. See *Lieber*, 176 Ill. 2d at 408-09; *McGee*, 2017 IL App (3d) 160324, ¶ 17. We must conclude, therefore, that

disclosure of the requested documents would constitute an unwarranted invasion of personal privacy and was exempt under the FOIA. See 5 ILCS 140/7(1)(c) (West 2020). Accordingly, we find that the trial court properly granted defendant's motion to dismiss plaintiff's complaint.

¶ 25    In reaching that conclusion, we reject plaintiff's argument—that the *Lieber* balancing test was eliminated when the FOIA was amended in 2010. As plaintiff himself acknowledges, our supreme court has already rejected that same argument in a slightly different context. See *Mancini Law Group, P.C.*, 2021 IL 126675, ¶ 36 (rejecting the argument that the 2010 amendments to the FOIA overturned the waiver rule set forth in the *Lieber* case). In addition, the appellate court, in ruling upon the application of the unwarranted invasion of personal privacy exemption, has continued to apply the *Lieber* balancing test, despite the amendment of the FOIA. See, *e.g.*, *McGee*, 2017 IL App (3d) 160324, ¶¶ 17-20; *State Journal-Register v. University of Illinois Springfield*, 2013 IL App (4th) 120881, ¶¶ 43-67. We, therefore, find no reason to deviate from the established law on this matter and affirm the trial court's denial of defendant's motion to dismiss. Having reached that conclusion, we need not address the parties' other assertions on this issue.

¶ 26                                III. CONCLUSION

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

¶ 28    Affirmed.