NOTICE
Decision filed 02/14/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240270-U

NO. 5-24-0270

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| MOHAMMED ABUHARBA, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-MR-133 |
| | ) | |
| THE ST. CLAIR COUNTY STATE'S | ) | |
| ATTORNEY'S OFFICE, | ) | Honorable |
| | ) | Leah A. Captain, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Presiding Justice McHaney and Justice Boie concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err in granting defendant's motion to dismiss plaintiff's complaint challenging the denial of his Freedom of Information Act request. The record shows that the records requested pertained to an active, ongoing criminal proceeding and furthermore, all relevant information had previously been tendered to plaintiff through discovery in the criminal case at issue in his request. Therefore, the judgment of the circuit court is affirmed.

¶ 2    Plaintiff Mohammed Abuharba filed a *pro se* complaint against defendant, the St. Clair County State's Attorney's Office, for alleged noncompliance with the Freedom of Information Act (FOIA) (5 ILCS 140/1 *et seq.* (West 2022)). Plaintiff now appeals from the circuit court's order granting defendant's motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2022)).

1

¶ 3                                    BACKGROUND

¶ 4      Plaintiff is an incarcerated individual who filed a FOIA request against defendant, seeking all records pertaining to St. Clair County case No. 14-CF-215, a case in which he was convicted of first degree murder in connection with the February 2014 death of William E. Harriel Jr. He further sought all communications made between defendant and several individuals, including but not limited to Judge Zina Cruse, St. Clair County jail inmates, St. Clair County Sheriff's Department staff, and all individuals employed by a law enforcement agency.

¶ 5      Defendant denied his request pursuant to the following disclosure exemptions under section 7(1) of FOIA: 7(1)(b), 7(1)(c), 7(1)(d)(i), 7(1)(d)(vii), and 7(1)(f) (5 ILCS 140/7(1)(b), (c), (d)(i), (d)(vii), (f) (West 2022)). On June 16, 2022, plaintiff filed a *pro se* complaint against defendant seeking relief under FOIA for the allegedly improper denial of his request. He specifically contended that (1) the fulfillment of his request created no "threat, harm, or privacy issues"; (2) there was a "systematic problem and/or conspiracy" of defendant ignoring prisoners' requests for public records; and (3) he required these records to adequately prepare and support a postconviction petition, *habeas corpus* petition, and/or executive clemency petition.

¶ 6      Defendant filed a section 2-619 motion to dismiss the complaint, arguing that it had advised plaintiff that the requested records pertained to an ongoing prosecution and active case. Defendant noted that there was an upcoming court appearance scheduled in St. Clair County case No. 14-CF-215, supporting its position that the matter was still active. Therefore, defendant concluded, plaintiff's request was properly denied pursuant to section 7(1)(d) of FOIA.

¶ 7      Following a hearing held on January 30, 2024, the circuit court granted defendant's motion and dismissed plaintiff's complaint with prejudice. Plaintiff now appeals from the dismissal of his complaint. He argues that the law enforcement proceedings and ongoing investigations exceptions

did not apply to his request because exceptions to FOIA are to be narrowly construed and public records are presumed to be open and accessible. He contends that defendant failed to provide a sufficient explanation as to how disclosure of the records would have interfered with or obstructed an active case, providing merely a sweeping generality as the basis for its denial.

¶ 8                                    ANALYSIS

¶ 9      A motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure admits the legal sufficiency of the complaint, but raises certain affirmative defenses or defects outside of the pleadings that defeat the claims. *Ciolino v. Simon*, 2021 IL 126024, ¶ 20. When ruling on the motion, we construe the pleadings and supporting documents in the light most favorable to the nonmoving party. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. We must also accept as true "all well-pleaded facts in plaintiff's complaint and all inferences that may reasonably be drawn in plaintiff's favor." *Id.* However, we cannot accept as true "mere conclusions unsupported by specific facts." *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31.

¶ 10      The question on appeal is "whether the existence of a genuine issue of material fact should have precluded the dismissal or, absent such an issue of fact, whether dismissal is proper as a matter of law." *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116-17 (1993). The dismissal of a complaint pursuant to section 2-619 presents a question of law subject to *de novo* review. *Ciolino*, 2021 IL 126024, ¶ 20.

¶ 11      As an initial note, the circuit court's order granting defendant's motion to dismiss plaintiff's complaint does not include the court's reasoning for its decision. The order further states that both parties indicated to the court that a record of the hearing was not necessary. However, we may affirm the court's decision on any basis supported by the record. *People v. Jones*, 2015 IL App (1st) 133123, ¶ 33.

3

¶ 12    The underlying principle of the FOIA is that public records are presumed to be open and accessible. *Southern Illinoisan v. Illinois Department of Public Health*, 218 Ill. 2d 390, 416-17 (2006); see also 5 ILCS 140/1 (West 2022). Based on the clear legislative intent behind the FOIA, our supreme court has held that the act is to be accorded " 'liberal construction to achieve this goal.' " *Southern Illinoisan*, 218 Ill. 2d at 416 (quoting *Bowie v. Evanston Community Consolidated School District No. 65*, 128 Ill. 2d 373, 378 (1989)). Accordingly, our courts have repeatedly held "that the exceptions to disclosure set forth in the FOIA are to be read narrowly so as not to defeat the FOIA's intended purpose. [Citations.]" *Id.* at 416-17.

¶ 13    Plaintiff argues that when a public body invokes a section 7 exception to deny a FOIA request, and the party seeking the information challenges that denial in court, the public body has the burden of proving by clear and convincing evidence that the records in question fall within the claimed exemption. *Illinois Education Ass'n v. Illinois State Board of Education*, 204 Ill. 2d 456, 464 (2003); 5 ILCS 140/11(f) (West 2022). To meet this burden, the public body " 'must provide a *detailed* justification for its claim of exemption, addressing the requested documents specifically and in a manner allowing for adequate adversary testing.' " (Emphasis in original.) *Illinois Education Ass'n*, 204 Ill. 2d at 464 (quoting *Baudin v. City of Crystal Lake*, 192 Ill. App. 3d 530, 537 (1989)).

¶ 14    Therefore, according to plaintiff, his complaint was improperly dismissed because defendant failed to demonstrate specifically how this particular investigation could be compromised if the information plaintiff requested was disclosed, with all identifying information redacted. See *National Ass'n of Criminal Defense Lawyers v. Chicago Police Department*, 399 Ill. App. 3d 1, 12 (2010) ("The burden is on the [defendant] police agencies to demonstrate on a case-by-case basis specifically how a particular witness could be in danger or how an individual

investigation could be compromised if a document is disclosed in which all identifying information has been redacted."). He further notes that in St. Clair County case No. 14-CF-215, his conviction and sentence were affirmed on direct appeal, but the matter was remanded to the circuit court for a *Krankel* hearing. See *People v. Abuharba*, 2020 IL App (5th) 170073-U. He contends that defendant's motion to dismiss offered no explanation as to how disclosure of the requested information would interfere with or obstruct the proceedings, which by this point were limited to the question of the effective assistance of trial counsel.

¶ 15    Section 7 of the FOIA lists information that is exempt from disclosure. 5 ILCS 140/7 (West 2022). Defendant notes that while it denied plaintiff's FOIA request based on various exemptions found in this section, plaintiff only takes issue with those listed in section 7(1)(d)(i) and (vii). Section 7(1)(d) provides that the following information is exempt from inspection and copying:

> "(d) Records in the possession of any public body created in the course of administrative enforcement proceedings, and any law enforcement or correctional agency for law enforcement purposes, but only to the extent that disclosure would:
>
> (i) interfere with pending or actually and reasonably contemplated law enforcement proceedings conducted by any law enforcement or correctional agency that is the recipient of the request; [or]
> * * *
> (vii) obstruct an ongoing criminal investigation by the agency that is the recipient of the request." *Id.* § 7(1)(d)(i), (vii).

Defendant reiterates that there was a pending court appearance in case No. 14-CF-215 at the time of the underlying proceedings before the circuit court regarding plaintiff's complaint. Therefore, the information requested concerned an active, ongoing criminal case, and the FOIA exceptions listed in section 7(1)(d)(i) and (vii) applied.

¶ 16    The record does indeed show that on October 12, 2022, after plaintiff's request, defendant's denial, and plaintiff's filing of his complaint, an order was entered in St. Clair County case No. 14-CF-215, stating that plaintiff—the defendant in that case—requested additional time to

5

complete viewing of discovery. The Department of Corrections was ordered to allow him to view discovery to assist him with the preparation of a postconviction petition, and the matter was set for a status hearing on January 4, 2023.

¶ 17    Plaintiff's FOIA request sought all records related to the abovementioned criminal matter, which appears from the record to have been active and ongoing at the time. However, we cannot conclude from the record whether defendant provided any explanation of how disclosure, with identifying information redacted, would have interfered with the proceedings. In its motion to dismiss, defendant merely states that there was a pending court appearance in the criminal case at issue. We do not know whether defendant provided additional information at the hearing on its motion to dismiss, as the parties agreed that a record of the hearing was not necessary.

¶ 18    We note that, since no transcript of this hearing exists, plaintiff—as appellant—was obligated to file a bystander's report or an agreed statement of facts. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 318-19 (2003); Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). It is the appellant's duty to provide a sufficiently complete record of the lower court proceedings to support his claims on appeal. *Rogers*, 204 Ill. 2d at 318-19. "[I]n the absence of such a record on appeal, the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis [citations]. The court will resolve any doubts arising from the incompleteness of the record against the appellant." *Id.* at 319; see also *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984).

¶ 19    Here, we must balance the incompleteness of the record with the aforementioned guidance that we construe the FOIA liberally and its exceptions narrowly. While keeping in mind the legislative intent and public policy objectives behind the FOIA, we find that where the record of

the hearing on defendant's motion to dismiss does not provide us with a basis to find that the circuit court erred in granting the motion, we must presume its order had a sufficient factual basis.

¶ 20 Defendant next argues that plaintiff does not challenge any of the other exemptions that defendant invoked in its denial of his request. This includes section 7(1)(b) and (c), which exempts:

> "(b) Private information, unless disclosure is required by another provision of this Act, a State or federal law or a court order.
> ***
> (c) Personal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. 'Unwarranted invasion of personal privacy' means the disclosure of information that is highly personal or objectionable to a reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy." 5 ILCS 140/7(1)(b), (c) (West 2022).

It also includes section 7(1)(f), which exempts "[p]reliminary drafts, notes, recommendations, memoranda and other records in which opinions are expressed, or policies or actions are formulated." *Id.* § 7(1)(f).

¶ 21 The FOIA defines "private information" as "unique identifiers, including a person's social security number, driver's license number, *** medical records, home or personal telephone numbers, and personal email addresses. Private information also includes home address and personal license plates, except as otherwise provided by law or when compiled without possibility of attribution to any person." *Id.* § 2(c-5).

¶ 22 Regarding section 7(1)(c), in order to determine whether disclosure would constitute an unwarranted invasion of personal privacy, courts apply the four-part *Lieber* balancing test. See *Lieber v. Board of Trustees of Southern Illinois University*, 176 Ill. 2d 401, 408-09 (1997); *McGee v. Kelley*, 2017 IL App (3d) 160324, ¶ 17. Courts must consider the following four factors: (1) the plaintiff's interest in disclosure, (2) the public interest in disclosure, (3) the degree of invasion of

personal privacy, and (4) the availability of alternative means of obtaining the requested information. *McGee*, 2017 IL App (3d) 160324, ¶ 17.

¶ 23    On appeal, plaintiff does not provide any argument against the applicability of these exemptions. Additionally, as we previously noted, the record does not indicate whether the issues of private or personal information, or of preliminary drafts or opinions, were presented before the circuit court. Defendant now argues that the records plaintiff sought included the exempt private information of William E. Harriel Jr., the victim in plaintiff's first degree murder case. See *id.* ¶¶ 19-20 (where plaintiff sought disclosure of records related to his indictment and conviction, finding "the degree of invasion of personal privacy of the victim is substantial" and "the degree of invasion of personal privacy of the victim outweighs the other factors"). We find that, based on these additional invoked exemptions, there is no evidence that the circuit court erred in dismissing plaintiff's complaint. However, we note again the incompleteness of the record regarding the hearing on defendant's motion.

¶ 24                                        CONCLUSION

¶ 25    For the reasons stated, the circuit court did not err in granting defendant's motion to dismiss and dismissing plaintiff's complaint. The judgment of the circuit court is affirmed.

¶ 26    Affirmed.